FREDERIC F. BERGERON, trustee, *vs.* MECHANICS AND TRADERS INSURANCE COMPANY.

Bristol.    October 24, 1916. — March 3, 1917.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Insurance*, Fire. *Bankruptcy*, Rights of trustee.

In order to recover for a loss by fire in an action on a policy of insurance in the Massachusetts standard form, if it appears that no referees were appointed to determine the amount of the loss and that no request to have such referees appointed was made, it is necessary for the plaintiff to show that the amount of the loss was determined by agreement between the defendant and the insured.

In an action by a trustee in bankruptcy on a policy of fire insurance issued to his bankrupt in the Massachusetts standard form, where there had been no appointment of referees to determine the amount of the loss and no request for such an appointment, the bankrupt testified that the defendant's adjuster said to him that he thought the damage to the bankrupt's property was about $250 and asked, "Who owns this property?" Whereupon the bankrupt, falsely and to prevent attaching creditors from getting the proceeds of the insurance, told the adjuster that his son-in-law owned the property, that the adjuster then said, "he would have to look it up and that he didn't think he could pay it," to which the bankrupt replied that it was "immaterial" to him, and that then the adjuster went away and the bankrupt never saw him again. *Held*, that on this evidence

the jury could not have found that an agreement as to the amount of the loss was made between the defendant and the bankrupt, and therefore that a verdict should have been ordered for the defendant.

CONTRACT by the trustee in bankruptcy of the estate of Phineas A. Staples of Fall River on a policy of fire insurance in the Massachusetts standard form to recover the amount of a loss by fire on certain personal property contained in a building numbered rear 1395 on North Main Street in Fall River, which occurred on December 16, 1914. Writ in the Second District Court of Bristol dated May 6, 1915.

On appeal to the Superior Court the case was tried before *Dubuque,* J. The substance of the evidence is described in the opinion. At the close of the evidence the defendant asked the judge to make four rulings. The judge made the second of the rulings requested, which was to the effect that there was no evidence that the insured, the plaintiff's bankrupt, had complied with the condition of the policy requiring the insured forthwith after the loss to render to the insurer a sworn statement of the loss. The other rulings requested were as follows:

"1. Upon all the evidence the plaintiff cannot recover."

"3. There is no evidence that the defendant waived compliance on the part of the plaintiff or assured with that condition of said policy relative to rendering a sworn statement.

"4. There is no evidence of an agreement as to the amount of the loss, or that a submission to referees of the amount of the loss was had or requested or that the defendant waived such submission."

The judge refused to make any of the three rulings quoted above, and the jury returned a verdict for the plaintiff in the sum of $265. The defendant alleged exceptions.

The Massachusetts standard form of fire insurance policy, prescribed by R. L. c. 118, § 60, cl. 7, contains the following provisions:

"In case of any loss or damage, the company, within sixty days after the insured shall have submitted a statement, as provided in the preceding clause, shall either pay the amount for which it shall be liable, *which amount if not agreed upon shall be ascertained by award of referees as hereinafter provided,* or replace the property with other of the same kind and goodness, or . . .

"In case of loss under this policy and a failure of the parties to agree as to the amount of loss, it is mutually agreed that the amount of such loss shall be referred to three disinterested men, the company and the insured each choosing one out of three persons to be named by the other, and the third being selected by the two so chosen; the award in writing by a majority of the referees shall be conclusive and final upon the parties as to the amount of loss or damage, and such reference unless waived by the parties *shall be a condition precedent to any right of action in law or equity to recover for such loss;* . . ."

*W. L. Came,* for the defendant.

*T. C. Crowther,* for the plaintiff.

LORING, J.   This is an action by the trustee in bankruptcy of one Staples to recover on a policy issued by the defendant company insuring Staples on certain personal property contained in a building specified in the policy.   The policy was in the Massachusetts standard form.   There was a fire in the building on December 16, 1914.   A few days later the bankrupt had a conversation with the adjuster who "adjusted his son's [son-in-law's] property there which was insured by this same insurance company."   The bankrupt testified that the adjuster turned to him and said that he thought the damage to the bankrupt's property was about $250, and that he then said to him "Who owns this property?" and the bankrupt told him that his son-in-law owned it.   Thereupon (according to the bankrupt's testimony) the adjuster said he "would look it up," that "he would have to look it up and that he didn't think he could pay it."   To which the bankrupt said it was "immaterial" to him.   Thereupon "the adjuster went away and he never saw him again."   The bankrupt further testified that he had no correspondence with him or the insurance company and made no written statement to the insurance company.   At the trial of the case at bar the bankrupt testified that he owned the property at the time of the fire; that what he told the adjuster was a lie; that six or seven attachments had been put on his property within a few days after the fire and that he had told the lie to the adjuster hoping in this way to prevent his attaching creditors getting the proceeds of the insurance, and to insure their going to his son-in-law.

Staples filed a voluntary petition in bankruptcy on January 19,

1910.  On February 11, 1915, the plaintiff who had been appointed trustee of his estate demanded payment of the insurance stating that the bankrupt had included in his schedule of assets the sum of $150 as the amount due on the policy.  Upon the company refusing to pay this action was brought.

To make out a right to recover under the policy the trustee had to show that the amount of the loss had been determined by agreement between the bankrupt and the company.  There was no pretence that referees had been appointed to determine the amount of the loss or that a request had been made to have them appointed and there was no suggestion that the trustee of the bankrupt had made an agreement as to the amount of the loss or had made a request for the appointment of referees.

It is plain that on the evidence the jury could not have found that an agreement as to the amount of the loss was made between the insurance company and the bankrupt.  If it could be found that the insurance company was ready to agree that the amount of the loss was $250, there was no evidence warranting a finding that the bankrupt entered into an agreement to that effect.  So far from a finding to that effect being warranted on the evidence it was plain that when the adjuster said that he thought the amount of damage was $250 the bankrupt did not accept that offer, even if indeed it could be found to have been an offer.  On the contrary he said the matter was "immaterial" to him and that ended the conversation.  On the evidence that was the end of any attempt to come to any agreement as to the amount of the loss between the bankrupt and the company.

It follows that the judge was wrong in refusing to direct the jury to return a verdict for the defendant and the exception to his refusal to do so must be sustained.

We are further of opinion that this is a case where acting under St. 1909, c. 236, § 1, judgment should be entered for the defendant, and it is

*So ordered.*