GEORGIANNA NADEAU *vs.* INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA.

SAME *vs.* SPRING GARDEN INSURANCE COMPANY.

Middlesex.    March 8, 1921. — May 26, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Insurance,* Fire.    *Reference and Referee.    Contract,* Performance and breach, Condition precedent.

An action cannot be maintained upon a policy of insurance against loss by fire in the Massachusetts standard form, if, after the insured and the insurer each has chosen a referee, the referees so chosen fail to choose a third, no application is made to the insurance commissioner for the appointment of any referee under St. 1907, c. 576, § 60, and the insurer has not waived any rights under the provisions of the policy relating to reference.

TWO ACTIONS OF CONTRACT, each upon a policy of insurance in the Massachusetts standard form against loss by fire. Writs dated April 1, 1914.

In the Superior Court, the actions were tried together before *Raymond,* J. Material evidence is described in the opinion. Material provisions of the policies were as follows:

" In case of loss under this policy and a failure of the parties to agree as to the amount of loss, it is mutually agreed that the amount of such loss shall be referred to three disinterested men, the company and the insured each choosing one out of three persons to be named by the other, and the third being selected by the two so chosen; the award in writing by a majority of the referees shall be conclusive and final upon the parties as to the amount of loss or damage, and such reference unless waived by the parties shall be a condition precedent to any right of action in law or equity to recover for such loss; but no person shall be chosen or act as a referee, against the objection of either party, who has acted in a like capacity within four months."

Material provisions of St. 1907, c. 576, § 60, were as follows:

" In case of loss under any fire insurance policy, issued on prop-

erty in this Commonwealth in the standard form above set forth, and the failure of the parties to agree as to the amount of loss, the insurance company shall, within ten days after a written request to appoint referees under the provision for arbitration in such policy, name three men under such provision, each of whom shall be a resident of this Commonwealth and willing to act as one of such referees, of whom the insured shall, within ten days after receiving said names, make known to the insurance company its choice of one of them to act as one of such referees; and such insurance company shall, within ten days after receiving the names of three men named by the insured under such provision, make known to the insured its choice of one of them to act as one of such referees. And in case of the failure of two referees chosen, respectively, by the insurance company and the insured, to agree upon and select within ten days from their appointment a third referee willing to act in said capacity, either of said referees or parties may within twenty days from the expiration of said ten days make written application, setting forth the facts, to the insurance commissioner to appoint such third referee; and said commissioner shall thereupon make such appointment and shall send written notification thereof to the parties. In every case of the appointment by the insurance commissioner of said third referee the insuring company or companies shall withhold from the amount of the award rendered one half of the compensation and expenses of said referee, and said company or companies shall thereupon pay to said referee the full amount of his compensation and expenses."

At the close of the plaintiff's evidence, the defendants resting, the judge ordered verdicts for the defendants and reported the actions to this court " with the stipulation that, if upon all the evidence properly admitted the plaintiff was entitled to go to the jury upon the questions of liability and damage, judgment should be entered for the plaintiff in each case in the sum of $712.50 with interest" and costs; otherwise, judgment was to be entered for the defendant in each case.

*A. P. Stone*, for the plaintiff.

*W. L. Came*, for the defendants, submitted a brief.

CARROLL, J.   A building owned by the plaintiff was destroyed by fire while the policies of insurance in the standard form pre-

scribed by St. 1907, c. 576, § 60, were in force. The parties failing to agree on the amount of the loss, the plaintiff's attorney nominated three men, one to be chosen by the defendants to act as one of the referees under the terms of the policies; Narcisse Tellier was chosen. The defendants in turn named three men of whom the insured was requested to choose one for the same purpose; plaintiff chose Frank T. Eskrigge. The two so chosen, together with a third person to be selected as provided by law, were to constitute a board of referees. Eskrigge testified that he saw Tellier two or three times and with him viewed the plaintiff's property; that no third referee was selected and no award was made; and that when he notified the attorney who was then acting for the plaintiff that it was necessary to appoint a third referee, he was told " that they did not have to have a third man because two could agree upon this matter." The trial judge ordered a verdict for the defendant in each action and reported the cases.

The policies provided that in case of loss and a failure of the parties to agree, the amount of such loss should be submitted to three disinterested men, their award to be final as to the amount of loss or damage, and such reference, unless waived by the parties, " shall be a condition precedent to any right of action in law or equity to recover for such loss." There was at no time a reference to three disinterested men as required by the policies, and this reference unless waived, was a condition precedent to the plaintiff's right to recover. *Union Institution for Savings* v. *Phoenix Ins. Co.* 196 Mass. 230, 234, 236. *Weisman* v. *Firemen's Ins. Co.* 208 Mass. 577. *Hanley* v. *Ætna Ins. Co.* 215 Mass. 425. *Second Society of Universalists of Boston* v. *Royal Ins. Co. Ltd.* 221 Mass. 518. We discover no evidence that the defendants waived their rights under the policies; in fact, the evidence shows that they stood strictly on their legal rights and insisted on compliance with the terms of the policies and by no act or word waived any of their claims. *Union Institution for Savings* v. *Phoenix Ins. Co. supra.* *Paris* v. *Hamburg-Bremen Fire Ins. Co.* 204 Mass. 90.

The St. 1907, c. 576, § 60, provided a remedy in case the referees chosen failed to select the third referee within ten days from their appointment. Either of the two referees already chosen, or either of the parties, could make written application to the insurance commissioner to appoint the third referee. No such application

was made. The plaintiff failed to take advantage of the provisions of law by which a reference could be had, and by this failure to provide a reference as required by the policies, the conditions precedent were not performed.

As the plaintiff cannot recover for the reasons stated, we have not considered the other questions raised at the trial. In each case judgment is to be entered for the defendant.

*So ordered.*