F. & M. SKIRT CO., INC. *vs.* RHODE ISLAND INSURANCE COMPANY.

Suffolk.    May 8, 1944. — June 1, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Insurance,* Fire: amount of loss, reference.    *Arbitration.    Estoppel.*

It was within the scope of a reference under G. L. (Ter. Ed.) c. 175, §§ 100–101G, of the "amount of loss" through a fire sustained by one insured by a fire insurance policy in the Massachusetts standard form prescribed by § 99, for the referees to find that no loss or damage was sustained.

The insurer under a fire insurance policy in the Massachusetts standard form prescribed by G. L. (Ter. Ed.) c. 175, § 99, by submitting to referees under §§ 100–101G the "amount of loss" sustained by the insured through a fire, was not estopped to deny that as a matter of fact any loss was sustained.

The referees in a reference under G. L. (Ter. Ed.) c. 175, §§ 100–101G, pursuant to the provisions of a fire insurance policy in the Massachusetts standard form prescribed by § 99, having found that no loss was sustained by the insured in a fire, were not required to fix "the sound value of the property" under § 101E.

Recovery in an action on a fire insurance policy in the Massachusetts standard form prescribed by G. L. (Ter. Ed.) c. 175, § 99, was barred by a determination by the referees in a reference under §§ 100–101G that the plaintiff had sustained no loss.

CONTRACT.    Writ in the Superior Court dated November 15, 1940.

The case was heard by *Goldberg, J.*    In this court it was submitted on briefs.

*O. S. Poland & S. Schwartz,* for the plaintiff.

*S. Hoar & G. K. Gardner,* for the defendant.

SPALDING, J.    This is an action of contract upon a policy of fire insurance, issued by the defendant, for alleged loss and damage to the property covered by said policy.    The case was heard upon a statement of agreed facts, in effect a case stated, and upon a stipulation that certain cases pending in the Superior Court against certain other insurance companies should be governed by the ultimate decision in

the present case, that is, if the decision of this court is adverse to the defendant, those cases are to be tried upon the merits, but if the decision of this court is adverse to the plaintiff, judgment is to be entered for the defendants in those cases without costs, and no further "suits" shall be brought by the plaintiff against the respective defendants for the same cause of action. The record states, the judge "finds" for the defendant. The plaintiff appealed. See G. L. (Ter. Ed.) c. 231, § 96.

The agreed facts may be summarized as follows: The plaintiff was insured by the defendant insurance company under a Massachusetts standard form fire insurance policy issued under the provisions of G. L. (Ter. Ed.) c. 175. A fire having occurred on the premises on January 27, 1940, and the parties having failed to agree as to the amount of loss, the matter was referred to three disinterested referees in accordance with the provisions of G. L. (Ter. Ed.) c. 175, and more especially §§ 99, 100–101G. After hearing the parties, a majority of the referees filed a finding that "on all the evidence . . . no loss or damage was sustained by the F. & M. Skirt Co., Inc. as the result of said fire on January 27, 1940, and therefore [they] award[ed] no sum to said claimant," and further stated that "No award being made to said claimant . . . [they] deem[ed] it unnecessary to make any finding with respect to sound value."

The principal contention of the plaintiff is that under the provisions of G. L. (Ter. Ed.) c. 175, §§ 99, 100–101F, the amount of loss and not the fact of loss was the sole matter for determination by the referees and that an award, as in the present case, that "assumes to determine the fact of loss, or matters other than the amount of loss or fails to determine such amount" is in violation of the statute. The defendant, on the other hand, contends that the award of the referees is as matter of law conclusive and final upon the parties and is a complete bar to the present action.

General Laws (Ter. Ed.) c. 175, § 99, which prescribes the standard form of fire insurance policy, provides, so far as material, that "In case of loss under this policy and a failure of the parties to agree as to the amount of loss, it is mutually

agreed that the amount of such loss shall be referred to three disinterested men . . .; the award in writing by a majority of the referees shall be conclusive and final upon the parties as to the amount of loss or damage, and such reference, unless waived by the parties, shall be a condition precedent to any right of action in law or equity to recover for such loss." This provision was in the policy under consideration.

The pertinent provisions of the governing statutes demonstrate that the contract of insurance provides not for the arbitration of the question of liability, but only for the determination of the amount of the loss sustained by the insured in case the parties are unable to agree. See G. L. (Ter. Ed.) c. 175, §§ 99, 100, 101E. There can be no doubt that arbitration with respect to a matter such as this is valid and enforceable. "Such a stipulation, not ousting the jurisdiction of the courts, but leaving the general question of liability to be judicially determined, and simply providing a reasonable method of estimating and ascertaining the amount of the loss, is unquestionably valid, according to the uniform current of authority in England and in this country." *Hamilton* v. *Liverpool, London & Globe Ins. Co.* 136 U. S. 242, 255. See also *Hutchinson* v. *Liverpool & London & Globe Ins. Co.* 153 Mass. 143, 146; *Second Society of Universalists in Boston* v. *Royal Ins. Co. Ltd.* 221 Mass. 518, 525.

The plaintiff's position is that by submitting the matter to arbitration the defendant is estopped to deny that a loss was sustained; that it may be heard only on the question of the amount of loss; and that an award that determined that no loss was sustained was not within the scope of the reference. We think that this construction of the policy is not sound. Obviously the referees would not have the right under such a reference to determine whether a loss, if sustained, was covered by the policy or whether the policy had ever taken effect; in other words, to decide questions pertaining to liability. But the right to determine "the amount of loss" carries with it by necessary implication the right to determine that none existed. It is true that the clause in the policy under consideration uses the expression "In case of loss under this policy and a failure of the parties to agree as

to the amount of loss . . ." in defining the class of disputes that might be referred to referees. But we think this means that if the insured claims a loss and the insurer disputes it either in whole or in part and the basis of the dispute has to do with the amount of loss or the fact of loss and no question of liability is involved, the case is a proper one for arbitration.

There is nothing in the cases relied upon by the plaintiff (*Wainer* v. *Milford Mutual Fire Ins. Co.* 153 Mass. 335; *Lamson Consolidated Store Service Co.* v. *Prudential Fire Ins. Co.* 171 Mass. 433; *Fall River* v. *Aetna Ins. Co.* 219 Mass. 454) that is in conflict with anything here decided. Those decisions hold that where the insurer denies its liability and does not seek to have the loss determined by arbitration, the right to arbitrate this question may be found to have been waived. There is nothing in the agreed statement of facts to indicate that the defendant had done anything that amounted to a waiver of its right to submit this matter to arbitration.

Finally, the plaintiff contends that the award is void because the referees failed to determine the "sound value of the property." General Laws (Ter. Ed.) c. 175, § 101E, provides, so far as here material, that "such proceedings shall fix only the amount of the loss sustained by the insured or the sound value of the property, as the case may be . . .." Since the referees found that no loss or damage was sustained by the plaintiff, it was not necessary that they should go through the empty ceremony of determining the "sound value of the property."

The dispute having been referred to the referees with respect to matters that they had authority to decide, their decision in accordance with the terms of the policy was "conclusive and final upon the parties as to the amount of loss or damage."

*Judgment for the defendant.*