THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD. *vs.* MAURICE M. TRAYNOR & another. May 6, 1968. The plaintiff sought declaratory relief to determine whether it was liable for the loss by theft of certain property of the defendants whom it covered in a policy of insurance. The defendants moved to dismiss the bill on the ground that such debate as there might be relative to the value of the items stolen should be resolved by reference to referees in accordance with the provisions of G. L. c. 175, § 99, and the provisions of the policy. A judge treated the motion to dismiss as a plea in bar and entered a final decree ordering the plaintiff to comply with the terms of its policy relative to the submission of questions of value to referees, and dismissing the bill. There was no error. The prime purpose of the statute which requires Massachusetts standard fire insurance policies to contain language requiring the submission of disputes on amounts of loss to referees is to obviate just this type of proceeding and to expedite the equitable settlement of claims. Questions of ultimate liability are determinable following action on the reference, pending which the insurer's rights relative thereto are protected. G. L. c. 175, § 101E. See *Glenn Acres, Inc.* v. *Cliffwood Corp.* 353 Mass. 150, 154–155.

*Decree affirmed with costs.*

*John E. Lecomte* for the plaintiff.
*Thomas J. Carens* for the defendants.