F.C.I. REALTY TRUST and Frank
C. Inzalaco, Sr., Trustee

v.

AETNA CASUALTY & SURETY
COMPANY.

Civ. A. No. 94–12583–GAO.

United States District Court,
D. Massachusetts.

Oct. 11, 1995.

Sander S. Lederman, Brockton, MA, for plaintiffs.

William T. Kennedy, Michael L. Snyder, Quincy, MA, for defendant.

## MEMORANDUM AND ORDER

O'TOOLE, District Judge.

The defendant Aetna Casualty & Surety Company ("Aetna") has moved for summary judgment on the plaintiff F.C.I. Realty Trust's ("FCI") insurance coverage claim against it for FCI's failure to comply with a condition precedent in the insurance policy

requiring the submission of claims to a panel of referees prior to the commencement of any suit on the claim. Aetna has also moved to dismiss the case as not within this Court's diversity jurisdiction. The Court concludes that it has jurisdiction over the case and grants Aetna's motion for summary judgment.

## I. FACTS

FCI, of whom Frank Inzalaco, Sr. is trustee, owns property at 692 Main Street in West Bridgewater, Massachusetts. From May 9, 1993 to May 9, 1994, the property was covered by an insurance policy issued by Aetna.

In December, 1993, Inzalaco first suspected a water leak outside the property and reported it to the town. According to FCI, the water leak was in the town water supply line inside the interior face of the property's foundation wall. This event, FCI now contends, caused substantial damage to the property by washing out gravel underneath the interior concrete floor slabs, thereby damaging the entire structure of the building.

Aetna conducted its own investigation of the property and came to a different conclusion. According to Aetna, the leak did little damage to the property; rather, inadequate construction, improper soil compaction below the floor slabs, and cyclical changes in temperature and humidity caused most of the structural damage found in the building. Aetna denied coverage except as to the cost of exposing the underground pipe and of returning the property to its condition prior to the excavation.

After some settlement discussions and a failure to agree about damages and causation, FCI filed this suit against Aetna alleging breach of contract and violations of Mass. Gen.L. chs. 93A, 176D, § 3(9).

## II. DISCUSSION

A. *Motion to Dismiss for Lack of Jurisdiction*

Aetna first argues that the Court lacks subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1), both because of defects in FCI's pleadings and because of defects in FCI's theories of recovery. FCI's claims are all based on Massachusetts law, making jurisdiction here appropriate only under 28 U.S.C. § 1332(a), which gives this Court original jurisdiction over all civil actions where "the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—(1) citizens of different States."

First, Aetna notes that the plaintiffs alleged in their complaint that the plaintiffs are a Massachusetts Trust and a Massachusetts resident, and that the defendant "is an insurance company duly authorized by law and has a place of business at Middleboro, Plymouth County, Massachusetts." That, Aetna points out, does not allege diversity of citizenship. Similarly, the complaint does not explicitly request an amount greater than $50,000 but merely seeks damages of "an amount not less than $42,525.00" and requests "additional money damages for loss of use of the premises under the policy" as well as attorney's fees. Aetna contends these statements do not place more than $50,000 in controversy.

In response to Aetna's motion, FCI asserts that Aetna has its headquarters and principal place of business in Connecticut, so that diversity of citizenship does in fact exist. FCI also contends that its claim for recovery, based on projected costs of repair and consequential damages, will amount to more than $50,000. FCI has also offered to amend the complaint to reflect these matters properly. After such an amendment, diversity of citizenship and the necessary amount in controversy would be averred on the face of the complaint.

■ However, Aetna's challenges to jurisdiction do not end with FCI's negligent pleading. Aetna additionally questions whether, the allegations alone aside, under FCI's several theories there is at least $50,000 actually in controversy. Even where a complaint adequately alleges a jurisdictional amount, a federal court may dismiss the case if it appears "to a legal certainty" that the plaintiff, at the time of the complaint, could not recover the amount in controversy. *See St. Paul Mercury Indemnity Co. v. Red Cab*

*Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). Once challenged, "the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." *Department of Recreation v. World Boxing Ass'n*, 942 F.2d 84, 88 (1st Cir.1991).

■ Aetna argues that the only valid estimates for repair work on the property are in the range of $42,000 and that FCI's attempt to recover treble damages and attorney's fees under Mass.Gen.L. ch. 93A for Aetna's alleged violations of Mass.Gen.L. ch. 176D, § 3(9) could not succeed under Massachusetts law.[1] FCI has proffered in opposition to Aetna's motion an estimate from a general contractor placing the costs of repair at $56,619. FCI's new appraisal suffices, albeit just barely, to persuade this Court that its claim is not, to a legal certainty, for less than the jurisdictional amount for the purposes of a Rule 12(b)(1) motion. Accordingly, the motion to dismiss for want of jurisdiction is denied.

### B. *Summary Judgment*

■ Summary judgment is appropriate wherever "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law." Fed.R.Civ.P. 56(c); *Woodman v. Haemonetics Corp.*, 51 F.3d 1087, 1091 (1st Cir.1995). The nonmoving party, here FCI, is entitled to all reasonable inferences that may be derived from the evidence submitted, and the evidence must be viewed in the light most favorable to it. *Woodman*, 51 F.3d at 1091.

■ The insurance contract between FCI and Aetna, the validity of which neither party disputes, contains the following clause:

> Appraisal. In case of loss under this policy and a failure of the parties to agree as to the amount of loss, it is mutually agreed that the amount of such loss shall be referred to three disinterested men, the company and the insured each choosing one out of three persons to be named by the other, and the third being selected by the two so chosen, and the award in writing by a majority of the referees shall be conclusive and final upon the parties as to the amount of loss or damage, and such reference, unless waived by the parties, shall be a condition precedent to any right of action in law or equity to recover for such loss; but no person shall be chosen or act as a referee, against the objection of either party, who has acted in a like capacity within four months.

This somewhat archaic language is prescribed by Mass.Gen.L. ch. 175, § 99, which

---

1. Aetna is probably correct that FCI could not recover treble damages or attorney's fees under its chapter 93A claim. FCI, as a business, may sue Aetna, another business, under ch. 93, § 11, but an insurer's violations of ch. 176D, § 3(9) do not themselves create a cause of action under § 11. *See Kiewit Constr. Co. v. Westchester Fire Ins. Co.*, 878 F.Supp. 298, 301–02 (D.Mass.1995); *Polaroid Corp. v. Travelers Indemnity Co.*, 414 Mass. 747, 610 N.E.2d 912, 916 (1993); *DiVenuti v. Reardon*, 37 Mass.App.Ct. 73, 637 N.E.2d 234, 239 (1994); *Transamerica Ins. Group v. Turner Construction Co.*, 33 Mass.App.Ct. 446, 601 N.E.2d 473, 477 (1992). While Aetna's alleged behavior might still conceivably fall within Mass. Gen.L. ch. 93A, § 2, a violation of chapter 176D does not automatically violate § 2, and FCI appears to rely exclusively on its allegation that Aetna violated chapter 176D in stating its chapter 93A claim.

Aetna is incorrect, however, that the possible recovery of treble damages (were they available

here) would not suffice to bring this case within federal jurisdiction. Treble damages are a form of punitive damages, and "[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount." *Bell v. Preferred Life Society*, 320 U.S. 238, 240, 64 S.Ct. 5, 6, 88 L.Ed. 15 (1943). Aetna also asserts that *Travis v. McDonald*, 397 Mass. 230, 490 N.E.2d 1169 (1986), would prevent consideration of such added damages in this case. In *Travis*, the Massachusetts Supreme Judicial Court noted that where a plaintiff claims an amount small enough to commence the claim in small claims court, but the operation of Mass. Gen.L. ch. 93A, § 9 might increase the award to an amount beyond small claims jurisdiction, that fact would not divest the small claims court of jurisdiction. *Travis* is inapplicable. Massachusetts' interpretation of its small claims jurisdiction has no bearing on the questions of federal jurisdiction presented here.

specifies the required form for fire insurance policies.[2]

The contract language here clearly makes the reference of the amount of loss a "condition precedent" to any suit against the insurer absent waiver. Massachusetts cases have not questioned the validity of such clauses where applicable. *See, e.g., Employers' Liability Assurance Corp. v. Traynor*, 354 Mass. 763, 237 N.E.2d 34 (1968); *Molea v. Aetna Ins. Co. of Hartford, Conn.*, 326 Mass. 542, 95 N.E.2d 749, 752 (1950); *Barton v. Automobile Ins. Co. of Hartford, Conn.*, 309 Mass. 128, 34 N.E.2d 516, 518–19 (1941); *Moran v. Phoenix Ins. Co.*, 7 Mass.App.Ct. 822, 390 N.E.2d 1139 (1979). On its face then, the contract provision bars FCI's suit, there having been no reference as required.

FCI raises two arguments in rebuttal. First, FCI insists, an assessment of the amount of damages could not be made without determining what caused the damages, and the matter of causation is not within the referees' competence to determine. FCI suggests that to assess the value of the loss before determining what physical damage the covered event caused is to put the cart before the horse; it would, in FCI's words, "be like trying damages in a bifurcated tort case before the issue of liability is determined."

The Massachusetts cases interpreting identical language indicate that that is precisely the point. In *Fox v. Employers' Fire Ins. Co.*, 330 Mass. 283, 113 N.E.2d 63 (1953), a case on which both sides rely, Fox sought to recover on three fire insurance policies for damage caused by lightning to his garage. In accordance with the policy, the amount of loss or damage was referred to the "three disinterested men," who found the amount of loss and damage under the policies to be only $317, apparently believing that a windstorm had caused most of the damage to the building. The Supreme Judicial Court noted that "[t]heir views so far as ultimate liability goes are wholly tentative and in no sense a decision on that underlying question." *Id.* 113 N.E.2d at 66. But the Court held that the referees should determine "the amount of loss or damage under the policy, ... not the amount of loss or damage whether covered by the policy or not." *Id.* at 66. In other words, the referees are empowered to determine the amount of damages from a specific cause, so long as they shy away from questions of ultimate liability. *Id.* at 66. Presumably, once the parties know exactly how much money is at stake, they can settle a case more easily. Also, more technical issues of damages assessment are thereby taken out of the hands of lay persons and made the responsibility of experts. *Employers' Liability*, 237 N.E.2d at 34.

FCI asserts that the central, although by no means only, dispute in this case is what damage was caused by the covered event: FCI claims that the flooding caused all the structural damage to the building, while Aetna maintains that it caused only a small part of it. FCI notes that the appraisers would have to reach that issue in their determination, but that their determination would be nonbinding, and the parties would thus have to litigate the entire matter twice.

FCI's assessment is not entirely accurate, and it is also beside the point. The Supreme Judicial Court has held that referees must "find the amount of loss in light of their own interpretations of the terms of the policy," although "the question of construction would remain open for reexamination in an action of the policy, if one should eventuate." *Augenstein*, 360 N.E.2d at 324; *Fox*, 113 N.E.2d at 66. If the referees reach questions of ultimate liability, those issues can be relitigated; but that eventuality does not excuse the contractual requirement that there be a reference before there be a law suit.

■ Second, FCI asserts that Aetna has waived its right to a reference by not filing its summary judgment motion until nine months into the case. On the contrary, Aetna raised the reference issue as an affirmative defense in its answer to FCI's complaint and has repeatedly declined to waive its rights under the policy. *Cf. Lancaster v. General Accident Ins. Co. of America*, 32

---

**2.** The provision is attributable in part to the former judicial hostility toward agreements to arbitrate that the statute was trying to circum- navigate. *See Augenstein v. Insurance Co. of North America*, 372 Mass. 30, 360 N.E.2d 320, 323 n. 9 (1977).

Mass.App.Ct. 925, 587 N.E.2d 246, 247–48 (finding material issue of fact as to waiver where defendant did not raise reference requirement in its initial letter denying liability under the insurance contract) *aff'd,* 413 Mass. 1007, 604 N.E.2d 23 (1992). There was no waiver here.

For the foregoing reasons, Aetna's motion for summary judgment is GRANTED.

SO ORDERED.