**M.A.S. REALTY CORPORATION,**
**Plaintiff,**

v.

**TRAVELERS CASUALTY & SURETY COMPANY OF ILLINOIS,**
**Defendant.**

**No. CIV.A. 01–40067–NMG.**

United States District Court,
D. Massachusetts.

April 23, 2001.

Dale R. Harger, Lawrence Delaney, Mountain, Dearborn & Whiting, Worchester, MA, for plaintiff.

Gregory P. Varga, Robinson & Cole, Boston, MA, for defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

This case arises out of a dispute concerning insurance coverage. The plaintiff, M.A.S. Realty Corporation ("MAS"), owns land and a commercial building ("the Building") located at 830–894 Main Street in Clinton, Massachusetts. The defendant, Travelers Casualty & Surety Company of Illinois ("Travelers"), is an Illinois corporation with offices in Hartford, Connecticut. For purposes of the pending motion to dismiss described below, the facts are stated as alleged by the plaintiff.

On or about August 26, 1996, the Building suffered water damage. At that time, MAS and Travelers' predecessor, Aetna Casualty & Surety Company of Illinois ("Aetna") were parties to a contract of commercial property insurance relating to the Building ("the Policy"). Having acceded to Aetna's rights and obligations under the Policy, Travelers reached an agreement with MAS in March, 1997 with respect to the cost to repair the Building damage directly caused by the water leak. Travelers reimbursed MAS for the damage in the agreed amount.

MAS also had a claim for insurance coverage under the Policy's Functional Building Valuation Endorsement ("Code Upgrade Endorsement") for the cost associated with making upgrades to the Building to bring it into compliance with the Building Code. The Code Upgrade Endorsement requires MAS to complete, within two years after the date of the loss, all improvements covered under that endorsement. The parties have not been

able to reach an agreement with respect to the amount owed to MAS under the Code Upgrade Endorsement.

MAS met with the building inspector of the Town of Clinton, as requested by Travelers and hired a building code consultant in order to determine the Building improvements that were covered by the Code Upgrade Endorsement. MAS thereafter hired an architect and submitted the architectural plans and specifications to several contractors in order to obtain bids for the work.

By letter dated February 6, 2001, MAS submitted a comprehensive claim to Travelers totaling $574,489.96, including the cost of damage repair and the code upgrade claim. Travelers rejected the claim and in so doing 1) refused to acknowledge the validity of the identification of the Required Code Upgrades of MAS' code consultant, 2) rejected several Required Code Upgrades that it had previously accepted, 3) asserted new objections to claims and 4) refused to pay the costs of architectural, engineering and consulting services.

On March 12, 2001, Travelers demanded that MAS submit a portion of the Claim to a "reference proceeding" as provided by M.G.L. c. 175 § 99 *et seq.* and extended the deadline to May 25, 2001 to allow time for the completion of such a proceeding.

By letter dated March 19, 2001, MAS informed Travelers of its contention that Massachusetts law grants only the insured, not the insurer, the right to demand a reference. Nevertheless, in that same letter, MAS demanded a "reference proceeding." As of May 10, 2001, two referees had been chosen and were actively engaged in selecting a third referee.

On March 20, 2001, MAS brought the instant action in this Court alleging violation of the Consumer Protection Act, M.G.L. c. 93A, and seeking declaratory judgment that 1) MAS will have a reasonable period of time in which to complete the building repairs and Required Code Upgrades commencing on the date the scope and amount of the code upgrades are finally determined, 2) the Required Code Upgrades consist of the list of items prepared by MAS and any additional improvements ordered by the Building Inspector or found to be reasonably necessary in the · course of construction, 3) Travelers is obligated to reimburse MAS for all unpaid professional fees, present and future, and 4) Travelers must honor MAS' claim as submitted and make intermittent payments as the work progresses.

Pending before this Court is Travelers' motion to dismiss for failure to state a claim upon which relief can be granted or, in the alternative, to stay pending completion of the reference proceeding.

### I. *Analysis*

#### A. Standard for Motions to Dismiss

A motion to dismiss for failure to state a claim may be granted only if it appears, beyond doubt, that the plaintiffs can prove no facts in support of their claim that entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court must accept all factual averments in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, F.S.B.*, 958 F.2d 15, 17 (1st Cir.1992). The Court is required to look only to the allegations of the complaint and if under any theory they are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. *Knight v. Mills*, 836 F.2d 659, 664 (1st Cir.1987).

#### B. M.G.L. c. 175 § 99

■ Defendant Travelers seeks to dismiss the complaint on the ground that MAS has not submitted to a reference proceeding as required by M.G.L. c. 175

§ 99. Section 99 of Chapter 175 provides the standard form to which fire insurance policies issued in Massachusetts must adhere and states, in pertinent part:

In case of loss under this policy and a failure of the parties to agree as to the amount of loss, it is mutually agreed that the amount of such loss be referred to three disinterested men, the company and the insured each choosing one out of three persons to be named by the other, and the third to be selected by the two so chosen; and the award in writing by a majority of the referees shall be conclusive and final upon the parties as to the amount of loss or damage, and such reference, unless waived by the parties, shall be a condition precedent to any right of action in law or equity to recover for such loss; but no person shall be chosen or act as a referee, against the objection of either party, who has acted in a like capacity within four months. No suit or action against this company for the recovery of any claim by virtue of this policy shall be sustained in any court of law or equity in this commonwealth unless commenced within two years from the time the loss occurred; provided, however, that if, within said two years, in accordance with the provisions of the preceding paragraph, the amount of loss shall have been referred to arbitration after failure of the parties to agree thereon, the limitation of time for bringing such suit or action shall in no event be less than ninety days after a valid award has been made upon such reference or after such reference or award has been expressly waived by the parties.

The parties disagree with respect to what action fulfills the condition precedent to bringing suit. The plaintiff argues that simply making a demand for a reference proceeding fulfills the condition while defendant responds that suit may be brought only after the reference proceeding has been concluded. The law concerning that disagreement is unclear.

In its plain language, the statute provides "such reference...shall be a condition precedent to any right of action at law or equity." The literal meaning of that statutory language indicates that simply initiating a reference proceeding is the condition precedent to bringing suit. It is more consistent with the context and purpose of the statute, however, to read the phrase as requiring a reference proceeding to be concluded before permitting suit.

■ The primary purposes of M.G.L. c. 175 § 99 are to "provide a summary method of establishing the amount of loss," *Hanley v. Aetna Ins. Co.*, 215 Mass. 425, 430, 102 N.E. 641 (1913) and to "expedite the equitable settlement of claims." *Employers' Liability Assurance Corp., Ltd. v. Traynor*, 354 Mass. 763, 763, 237 N.E.2d 34 (1968); *F.C.I. Realty Trust v. Aetna Casualty & Surety Co.*, 906 F.Supp. 30, 33 (D.Mass.1995); *Trempe v. Aetna Casualty & Surety Co.*, 20 Mass.App.Ct. 448, 455, 480 N.E.2d 670 (1985). The Massachusetts Supreme Judicial Court ("SJC") has held that the statute should be reasonably interpreted so as to foster its purpose. *Fox v. Employers' Fire Ins. Co., et al.*, 330 Mass. 283, 287, 113 N.E.2d 63 (1953).

Interpreting M.G.L. c. 175 § 99 as requiring the conclusion of the reference proceeding before the commencement of an action at law or equity is consistent with the purpose of the statute. If the only prerequisite for bringing suit is the initiation of a reference proceeding, such a proceeding would be rendered a futile exercise. By the time the referees were to issue an award, litigation of an action at law would be well underway with the parties unaware of the amount of damages at stake. Settlement would be unlikely. *See e.g. F.C.I. Realty Trust*, 906 F.Supp. at 33 (once the parties know how much money is

at stake, they can more easily settle a case). Applying such an interpretation to the statute would render the reference inefficient and needlessly expensive.

The plaintiff relies primarily on *Second Society of Universalists in Town of Boston v. Royal Ins. Co.*, 221 Mass. 518, 109 N.E. 384 (1915) to support its contention that the mere demand of a reference proceeding satisfies the condition precedent of M.G.L. c. 175 § 99. Plaintiff cites the portion of that opinion in which the SJC stated (long ago):

> It is to be noted, also, that although the amount of liability or loss must be fixed by reference, the return of the award or the making of a valid award is not 'a condition precedent to any right of action in law or equity to recover for such loss.' It is 'the reference' to these disinterested men and not 'the award' by them which is made the condition precedent.

*Id.* at 525, 109 N.E. 384.

When read in context, the above excerpt does not clarify the law to the extent plaintiff would have us believe. In *Second Society,* the parties did not agree on the amount of loss suffered by the insured and, accordingly, submitted to a reference proceeding. *Id.* at 520, 109 N.E. 384. One of the referees refused to join in the award established by the other two referees on the grounds that they had disregarded certain evidence.

Interpreting the insurance contract at issue in that case, the SJC determined that the condition precedent was satisfied even though the proceeding was incomplete. In addition to the excerpt quoted above, the SJC noted that the policy "differs from other insurance contracts which have been before the courts", particularly in that it contained a short limitations provision that an action or suit could not be maintained unless commenced within two years of the loss. *Id.* at 525–26, 109 N.E. 384. Fur-

thermore, it found that the policy did not contain a clause "sometimes found in policies of fire insurance, to the effect that time consumed in arbitration shall be excluded from the period of limitation for bringing an action." Accordingly, the SJC concluded that the *filing* of a reference should be the condition precedent because:

> It is conceivable that, in the event of a controversy between the parties as to the binding force of an award, the time for bringing an action might elapse...Hence, it is in the interest of justice and fair dealing between the parties that a reference in accordance with the contract be the condition precedent to the bringing of an action.

*Id.*

The SJC's determination that the initiation of the reference satisfies the condition precedent was based on its concern that the statute of limitations may have run. In our case, there is no such concern. Section 99 expressly states that if the parties disagree on the amount of loss and accordingly submit to a reference, the limitation period "shall in no event be less than ninety days after a valid award has been made upon such reference." M.G.L. c. 175 § 99.

In *Nadeau v. Insurance Co. of the State of Pennsylvania,* 238 Mass. 462, 131 N.E. 69 (1921), the SJC again considered the condition precedent of Section 99. There, the plaintiff insured brought an action to recover under an insurance policy after his property was damaged by fire. *Id.* at 464, 131 N.E. 69. The insured demanded a reference proceeding and he and the insurer designated their respective referees. Those designees, however, failed to appoint a third referee.

The trial court entered judgment for the defendant insurer finding that the condition precedent to the plaintiff's right to bring suit had not been satisfied. *Id.* The

SJC affirmed, agreeing that the condition precedent had not been fulfilled merely by the appointment of two referees. *Id.* It is logical to conclude from that holding that (at least by 1921) a demand for a reference proceeding was deemed by the SJC to be insufficient to satisfy the condition precedent of M.G.L. c. 175 § 99.

MAS cites several cases decided after *Second Society* which, it maintains, clarify the rule that a simple demand for a reference proceeding is the prerequisite for filing suit. For example, in *Bergeron v. Mechanics' & Traders' Ins. Co.*, 226 Mass. 236, 115 N.E. 318 (1917), the SJC found that the trial court erred in denying the defendant's motion for directed verdict on the grounds that the parties did not refer their insurance dispute to a reference proceeding as required by the statute. *Id.* at 239, 115 N.E. 318.

In *Bergeron,* the parties made no demand for reference and simply proceeded to trial. The SJC determined that the condition precedent was not satisfied. In doing so, the SJC did not identify or define the condition precedent and the issue was not before it because the parties failed to initiate reference proceedings at all. That decision does not, therefore, address, much less clarify, the issue at hand.

The facts were similar in *Molea v. Aetna Ins. Co.*, 326 Mass. 542, 95 N.E.2d 749 (1950). There, the SJC upheld a directed verdict entered by the trial court against the plaintiff on the ground that "no written demand for reference was ever made by the insured and no reference to three disinterested referees was ever had." *Id.* at 544, 95 N.E.2d 749. The SJC held:

We are of the opinion that there was no error in directing verdicts for all of the defendants. The matter of reference to three disinterested persons, unless waived by the parties, was a condition precedent to recovery upon the policies,

if the parties failed to agree upon the amount of loss.

*Id.* at 547, 95 N.E.2d 749. The statutory provision that the parties need not submit to a reference proceeding if they have agreed to the amount of loss supports an interpretation that the reference award rather than the reference demand is the required condition precedent. The goal of the legislature was to require the amount of loss to be determined prior to the bringing of an action on the policy. If the parties agree, the amount of loss is established. If they do not agree, they must have the amount determined by submitting the issue to a neutral arbiter. To permit the commencement of an action before the award has been determined by the referees undermines that statutory purpose.

In *Employers' Liability Assurance Corp., Ltd. v. Traynor, et al.*, 354 Mass. 763, 237 N.E.2d 34 (1968), the insurer sought declaratory relief to determine whether it was liable for the loss of property belonging to the insureds. The insureds moved to dismiss the complaint on the ground that the dispute over the amount of loss had to be resolved by reference to referees in accordance with M.G.L. c. 175 § 99. The trial court allowed the motion and the SJC upheld the dismissal stating:

The prime purpose of the statute which requires Massachusetts standard fire insurance policies to contain language requiring the submission of disputes on amounts of loss to referees is to obviate just this type of proceeding and to expedite the equitable settlement of claims. Questions of ultimate liability are determinable *following* an action on the reference [Emphasis added].

*Id.* at 763, 237 N.E.2d 34.

The plaintiff finally cites *F.C.I. Realty Trust v. Aetna Casualty & Surety Co.*, 906 F.Supp. 30 (D.Mass.1995) to support its

contention that the initiation of a reference is the only necessary condition precedent. There, the court entered summary judgment in favor of the defendant insurer on the ground that the plaintiff did not initiate a reference proceeding. *Id.* at 34. As in *Bergeron* and *Molea,* the question of what circumstance satisfies the condition precedent was not before the court because the plaintiff had failed to demand a reference proceeding.

 MAS agrees to a stay of this action pending the conclusion of a reference proceeding with respect to all counts except for Count II. Count II seeks a declaratory judgment that the Building Inspector and Code Consultant have correctly identified the Required Code Upgrades. MAS maintains that the issue of determining what improvements are required by law and are within the coverage of the policy exceeds the scope of the referees' authority. It requests, therefore, that this Court stay the reference until that issue has been determined here.

This Court has previously rejected that argument in *F.C.I. Realty Trust.* There the insured sought a stay of the reference because a determination of the amount of loss could not be made without determining what caused the damage. 906 F.Supp. at 33. The insured argued that the referees were not empowered to determine causation and that determining the amount of loss before establishing causation would be backward. In addition, the insured argued that if the referees reached the issue of causation, that issue would, inappropriately, be litigated twice.

The Court rejected the insured's argument finding that it was settled law that the referees must determine the amount of loss "in light of their own interpretations of the policy." *Id.* (quoting *Augenstein v. Insurance Co. of North America,* 372 Mass. 30, 34, 360 N.E.2d 320 (1977)); *see also Fox v. Employers' Fire Ins. Co., et*

*al.,* 330 Mass. 283, 287–88, 113 N.E.2d 63 (stating that in order to determine the amount of loss or damage, the referees must interpret the policy but that their findings are not binding on the issue of liability). This Court will, therefore, require that all counts of plaintiff's complaint be submitted to a reference proceeding as provided by M.G.L. c. 175 § 99.

**C. Whether to Dismiss or Stay the Action**

In the cases discussed herein, courts have dismissed claims with prejudice for failure to submit to a reference proceeding. *See F.C.I. Realty Trust,* 906 F.Supp. at 34; *Traynor,* 354 Mass. at 763, 237 N.E.2d 34; *Molea,* 326 Mass. at 548, 95 N.E.2d 749; *Bergeron,* 226 Mass. at 239, 115 N.E. 318. In those cases, however, reference proceedings were never initiated and the insured refused to submit to a reference. Here, the plaintiff has agreed to submit to a reference proceeding. It simply disagrees with defendant's (and this Court's) statutory interpretation and with the assigned scope of the reference proceeding. For that reason, this action will not be dismissed with prejudice but rather will be stayed on all counts pending conclusion of the reference proceeding.

**ORDER**

For the reasons set forth in the Memorandum above, the defendant's motion to dismiss or stay the proceedings (Docket No. 2) is, with respect to the motion to dismiss, DENIED, and is, with respect to the motion to stay, ALLOWED. The action is stayed pending completion of the reference proceeding as required by M.G.L. c. 175 § 99, *et seq.*

So ordered.