Ullmann, Robert L., J.
Plaintiffs Motion To Stay, Compel a Reference Proceeding, And For A Protective Order (No. 7) is denied.
This case involves a claim under an insurance policy issued by defendant for damage to plaintiffs *346 property allegedly caused by a water intrusion on or about July 17, 2010. Through no fault of plaintiffs current counsel, no demand for a reference proceeding under M.G.L.c. 175, sec. 99 was made until July 9, 2012, and no signed proof of loss was submitted to defendant until July 16, 2012.
Defendant argues that these delays and other conduct by plaintiff constitute a waiver of plaintiffs right to a reference proceeding. The Court rules that, under the particular facts of this case, plaintiff has waived its right to a reference proceeding.
M.G.L.c. 175, sec. 99 contemplates that a signed, sworn statement in proof of loss will be submitted to the insurer promptly after an occurrence that may result in a claim under a policy. The statute also appears to contemplate, implicitly, that the demand for reference will be made at least 30 days before the two-year anniversary of the occurrence. However, the statutes and case law cited by the parties do not answer the question of when an insured’s delay in submitting a sworn statement in proof of loss and demanding a reference proceeding will constitute a waiver of the insured’s right to the reference proceeding.
Under the particular facts of this case, the Court finds a waiver by plaintiff. These facts include that plaintiff had two prior lawyers during most or all of the time period between the alleged occurrence and July 2012, neither of whom submitted a signed, sworn proof of loss or demanded a reference proceeding; that on three occasions between the alleged occurrence and August 2012, defendant denied liability and coverage; that the pending lawsuit was filed more than 10 months ago; and that defendant’s pending discovery requests were made seven months ago.
The Supreme Judicial Court has stated that the goals of the reference proceeding are to obviate the need for certain judicial proceedings and to expedite the equitable settlement of claims. See Employers’ Liability Assurance Corp. v. Traynor, 354 Mass. 763 (1968). The Court believes that initiating a reference proceeding at this stage would not further either goal. Litigation has already been pending for over 10 months, and the reference proceeding is at least as likely to delay an equitable settlement of the claim as to expedite it.
It is important to note that defendant has not disputed plaintiffs right to pursue its claim. On the contrary, defendant has itself waived the reference proceeding as a condition precedent to filing suit. Nor does this decision resolve the applicable limitations period for plaintiffs claim.