ISABEL CYPRINSKI *vs.* PHOENIX INSURANCE COMPANY.

Hampshire.    September 16, 1931. — January 6, 1932.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Insurance,* Fire: sworn statement of loss.

At the trial of an action upon a policy of fire insurance in the Massachusetts standard form, it appeared that a notice of loss in writing was received by the defendant the day after the fire; that the plaintiff did not furnish the defendant with a sworn statement of the loss for more than three months after the fire; that, a few days after the fire, a representative of the defendant signed and delivered to the plaintiff an instrument in writing entitled "Non-Waiver Agreement," fourteen lines of which purported to be a mutual contract between the plaintiff and the defendant as to the effect of investigation or ascertainment of the amount of value and loss or damage by the fire, and the last two lines of which were a statement, "Sworn statement as required under policy conditions is hereby demanded"; that such instrument was not signed by the plaintiff and delivered to the defendant until about five months after the fire; and that shortly thereafter the parties came to an agreement as to the amount of the loss. The trial judge ordered a verdict for the defendant. *Held,* that

(1) Notwithstanding the demand contained in the "Non-Waiver Agreement," that instrument could not be considered as a request in writing to the plaintiff under G. L. c, 175, § 102, for a sworn statement;

(2) By reason of the other provisions of said § 102, it was error to order a verdict for the defendant.

CONTRACT on a policy of fire insurance. Writ dated May 24, 1930.

The action was tried in the Superior Court before *W. A. Burns*, J. The "Non-Waiver Agreement" referred to in the opinion was as follows:

It is hereby mutually understood and agreed, by and between Isabella Cyprinski hereinafter called the Claimants, and the Insurance Companies, whose names are signed hereto, hereinafter called the Companies.

That any action taken by the Companies, or their representatives, in investigating the claim made by claimant for loss which occurred at 61 Maple St., Ware, Mass. on the 3rd day of July 1929, or in the investigation or ascertainment of the amount of value and loss or damage, shall not waive or invalidate any condition of the policies of such Companies held by said Claimant, nor the right of either or any of the parties to this agreement, and such action shall not be, or be claimed to be, any admission of liability on the part of said Companies, or any of them.

The consideration of and for this agreement is the mutual desire and intention of the parties hereto, to determine the value of the property and/or the amount of damage thereto without regard to any other question.

Sworn statement as required under policy conditions is hereby demanded.

Witness our hands at Ware, Mass. this 5th day of December 1929.

|  |  |
|---|---|
|  | Phoenix Ins. Co. |
| Witness: | By Geo. M. McCoy, Jr. at |
| Loretta F. Feighery | Springfield, Mass. 7/9/29 |
|  | Adjuster. |
| John T. Storrs | Isabelle Cyprinski |

Other material evidence is stated in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged an exception.

*D. H. Keedy, (J. T. Storrs* with him,) for the plaintiff.

*H. P. Small,* for the defendant.

CROSBY, J. This is an action brought to recover on a policy of fire insurance in the Massachusetts standard form.

The policy was dated January 17, 1929, for a term of three years, and covered the plaintiff's household furniture and personal property, in the sum of $3,000, in a dwelling house in Ware. On July 3, 1929, a fire occurred upon the premises where the property was located. On the day of the fire the plaintiff saw one Davis, an insurance agent from whom she had obtained the policy, and notified him of the fire. He assured her that he would report it for her to the defendant, and on the same day he sent a written notice of loss which was received by the defendant on the following day. On July 9, 1929, one McCoy, an insurance adjuster who represented the defendant, signed, and on the defendant's behalf delivered to the plaintiff, a written instrument entitled "Non-Waiver Agreement." It contained the following statement: "Sworn statement as required under policy conditions is hereby demanded." This agreement was not signed by the plaintiff to be delivered to the defendant until December 5, 1929, but on October 14, 1929, the defendant received the requested sworn statement. On December 9, 1929, the plaintiff and the defendant entered into a written agreement entitled "Adjuster's Agreement" by which it was mutually agreed that the plaintiff's loss and damage amounted to $1,298.02.

At the close of the evidence the defendant filed a motion that the jury be instructed to return a verdict in its favor on the grounds that (1) "Upon all the evidence the plaintiff is not entitled to recover," and (2) "Upon all the evidence and the law the plaintiff is not entitled to recover." The motion was granted and the plaintiff excepted.

The standard form of fire insurance policy as prescribed by G. L. c. 175, § 99, provides, in part, as follows: "In case of any loss or damage under this policy, a STATEMENT in writing, signed and sworn to by the insured, shall be forthwith rendered to the company . . . ." It is the contention of the defendant that the verdict was rightly directed in its favor on the ground that the sworn statement was not sent "forthwith." If nothing else appeared, it is plain that a delay of more than three months in submitting to the defendant such sworn statement would be fatal to

the plaintiff's case. *Parker* v. *Middlesex Mutual Assurance Co.* 179 Mass. 528. *Cook* v. *North British & Mercantile Ins. Co.* 181 Mass. 101. *Bennett* v. *Aetna Ins. Co.* 201 Mass. 554. It is provided, however, by G. L. c. 175, § 102, that "In case of loss under any fire insurance policy in the standard form prescribed by section ninety-nine, the company shall not, in defence of any action, avail itself of the omission on the part of the insured to furnish forthwith to the company the sworn written statement required by said standard form, provided the insured has, after such loss, forthwith in writing notified the company, at its home office or at the office of the agency issuing the policy, of the fire, and the location thereof, and provided further that the insured, if the company, after receiving notice in writing as aforesaid, requests him in writing so to do, furnishes the company with said sworn statement. If, after receiving written notice as aforesaid from the insured, the company does not forthwith request of the insured said sworn statement, the periods of time within which the company shall, as provided in the policy, pay the amount for which it is liable, or replace the property, or notify the insured of its intention to rebuild or repair the premises, shall be computed from the time when the company received said written notice."

The nonwaiver agreement properly construed cannot be considered as a request in writing to the plaintiff under G. L. c. 175, § 102, for the sworn statement described in G. L. c. 175, § 99. Its title contains no reference to a request in writing for a sworn statement. In form it is in the terms of a contract and not of a request. The testimonium clause shows that it was intended to be signed by both parties, while a request should be signed only by the insurer. Apart from the testimonium clause, it consists of sixteen lines, fourteen of which are in the form of a contract relating to the investigation or ascertainment of the amount of value and loss or damage by fire. The demand for a sworn statement is contained in scarcely more than a single line, and is at the end, and so obscurely put as would hardly attract the attention of any but the most skilful and careful

reader.  To resort to such an obscure and misleading method of making a request of the insured in a document which by its terms purports to be an agreement between the parties ought not to be regarded as a request made under the statute (G. L. c. 175, § 102).  When important rights of people of all grades of intelligence are involved, whatever creates an obligation upon one who has suffered from fire to make out a detailed list of property damaged or destroyed, and to make oath to its truth, and to send it to the insurer, ought not to be founded upon a request framed as here; embodied in that form its title appears to be merely an agreement between the parties.

We are of opinion that the nonwaiver agreement was not a request for a sworn statement by the plaintiff within the meaning of the statute.  A verdict could not properly have been directed for the defendant; accordingly the plaintiff's exceptions must be sustained.  It is recited in the exceptions that, if this court shall be of opinion that a verdict should not have been directed and the plaintiff's exceptions are sustained, judgment shall be entered for the plaintiff for $1,298.03, with interest, and it is

*So ordered.*