**Arnold GOODMAN, Plaintiff, Appellant,**

v.

**QUAKER CITY FIRE AND MARINE INSURANCE COMPANY, Defendant, Appellee.**

**No. 5149.**

United States Court of Appeals
First Circuit.

Feb. 27, 1957.

Edward Wolper, Boston, Mass., Morrison, Mahoney & Pearlman, Boston, Mass., on the brief, for appellant.

Charles W. O'Brien, Boston, Mass., Brickley, Sears & Cole, Boston, Mass., on the brief, for appellee.

Before WOODBURY and HARTIGAN, Circuit Judges, and FORD, District Judge.

HARTIGAN, Circuit Judge.

This is an appeal by the plaintiff from a judgment entered by the United States District Court for the District of Massachusetts on April 18, 1956 for the defendant, after trial without jury, on an action for fire loss under an insurance policy.

The district court had before it, among other issues, that of insurable

interest as it pertained to plaintiff's right to recovery. Since the court's conclusion, as detailed in its opinion, that a mortgagor's continuing liability on the first mortgagee's note is sufficient, even after foreclosure by the second mortgagee, to constitute insurable interest in the real estate covered, is not contested on appeal by either party, we need not present the facts pertinent thereto.

The only issues we find necessary to treat are whether sufficient notice of fire loss was given to the defendant so as to permit recovery by the plaintiff on the insurance policy and whether there was waiver of policy requirements, to any extent, by the defendant. The facts relevant to the above issues are as follows:

On August 5, 1953 upon application and payment of premium, the Quaker City Fire and Marine Insurance Company, defendant-appellee herein, issued a renewal fire policy, No. 107597, insuring John Julien Jenkins and Ruth R. Jenkins, former mortgagors, in the amount of $6,000 on a dwelling at 66 Crawford Street, Roxbury District, Boston, Massachusetts. The policy, a Massachusetts Standard Policy, became effective on August 30, 1953 and was to run for one year. By express provision the policy was payable to the Brighton Co-operative Bank, Allston, Massachusetts, first mortgagee, and Carl Goodman, c/o Milton Goodman, 27 School Street, Boston, Massachusetts, second mortgagee.[1]

By this policy the insured in case of any loss or damage is required to render "forthwith" to the defendant "a state-ment in writing, signed and sworn to by the insured," setting forth the value of the property described, the interest of the insured therein, all other insurance thereon in detail, the purposes for which and the persons by whom the building described, or containing the property described was used, and the time at which and manner in which the fire originated, so far as known to the insured.

Further, the policy provides that the defendant, "within sixty days after the insured shall have submitted a statement, * * * shall either pay the amount for which it shall be liable, which amount if not agreed upon, shall be ascertained by award of referees * * *," or replace, rebuild or repair the damaged property. Moreover, by express provision in the policy, the mortgagee's right to recover in case of loss could not be affected by the act or default of any other person.

On October 13, 1953 the insured property was destroyed in major proportion by fire. Two or three days later Milton Goodman visited defendant's agent and informed him of the fire. In several conversations thereafter the question of defendant's liability under the policy was discussed.[2]

On November 25, 1953 Milton Goodman wrote to the defendant, notifying it of the loss, location, policy number and of those insured, and inquired of the defendant as to coverage under the policy. It is admitted by both parties that this letter, which is part of the record on appeal, is dated November 25, 1953, not November 25, 1954, as erroneously stated in the findings and opinion of the

1. The record reveals that prior to August 5, 1953 Carl Goodman had foreclosed the second mortgage and had purchased the equity of redemption from Jenkins, so that on August 5, 1953 Jenkins' only interest in the property was a continuing liability on the first mortgagee's note.

2. During these conversations, it seems from the record that the defendant's agent was concerned about certain "assent slips" that had not been signed by the defendant. The only other mention of these "assent slips" is in Milton Goodman's letter of November 25, 1953 to the defendant where it was stated that the property stood in the name of Rosalyn Rose. We presume that Milton Goodman, while representing the second mortgagee, was also seeking to have defendant assent to transfer of ownership of the insured property to Rose. But since this issue has not been made a point on appeal, as evidenced by the fact that neither party discussed it in its brief, we shall not consider it further.

district court. In its reply of December 4, 1953 to this letter of November 25, 1953, the defendant stated: "In answer to your letter of November 25, we are sorry to inform you that we find this company has no liability at the location named in your letter."

At the trial Milton Goodman testified that he was representing the second mortgagee as well as the owner of the insured property in his negotiations with the defendant.

On March 4, 1954 the Brighton Co-operative Bank, first mortgagee, assigned to Arnold Goodman, plaintiff-appellant herein, the note, mortgage and all its right, title and interest in fire policy, No. 107597. On March 10, 1954 Milton Goodman wrote to the defendant making demand for payment on behalf of plaintiff, Arnold Goodman, as assignee of the first mortgagee. It is admitted by both parties that this letter, which is part of the record on appeal, is dated March 10, 1954, not March 10, 1955 as erroneously stated in the findings and opinion of the district court. The defendant in a letter dated March 23, 1954 again denied liability for any loss at the Crawford Street location.

This action was commenced by the plaintiff by a complaint filed November 4, 1954. The district court, after concluding by resort to Massachusetts law that Jenkins had an insurable interest in the insured property on August 30, 1953, held that sufficient notice of the loss had not been given to the defendant so as to permit plaintiff to recover in this action.

We believe that the issue of notice was sufficiently raised by the pleadings so as to permit the district court to pass on it. But, contrary to the district court, we believe that sufficient notice of the loss was given to the defendant under Massachusetts cases and statutes.

■ The fire policy in the instant case, in keeping with Mass.Laws Ann. c. 175, § 99, Cum.Supp.1955, provides that in case of any loss or damage the insured shall render forthwith to the defendant a sworn statement in writing setting forth certain details. "It is quite certain that the party referred to as the insured in these provisions is the mortgagor." Union Institution for Savings v. Phoenix Ins. Co., 1907, 196 Mass. 230, 233, 81 N.E. 994, 995, 14 L.R.A.,N.S., 459. Admittedly, the mortgagor in the instant case gave no notice of the loss whatsoever to the defendant.

■ But it is quite clear from the Union Institution case that where the mortgagor fails to give such a statement to the insurance company the mortgagee has the right to do so in order to protect his own interest. Moreover, this right to give notice extends to a second mortgagee who has an interest in the policy as well as to the first mortgagee. See Amory v. Reliance Ins. Co., 1911, 208 Mass. 378, 94 N.E. 677.

■ It is also clear from the Union Institution opinion that in such a case the mortgagee, in notifying the insurance company of the loss, does not have to satisfy any specified statutory form of notice. The mortgagee merely is required, 196 Mass. at page 235, 81 N.E. at page 996, "to furnish to the company in writing, within a reasonable time, proper information in regard to the loss, as to such matters as a mortgagee reasonably may be expected to know."

■ We believe that the letter, dated November 25, 1953, from Milton Goodman to the defendant fully satisfied the standards of notice for a mortgagee prescribed in the Union Institution opinion. By this letter the defendant was notified of the loss, location, policy number and of those insured. The letter was sent by Milton Goodman who was expressly designated in the policy as an agent of the second mortgagee, Carl Goodman. Moreover, it was sent less than two months after the loss occurred. We believe, as a matter of law, that this was within a "reasonable time," in light of the fact that Massachusetts courts have generally held that notice within three months of the loss satisfies the "forthwith" provision, a much more

stringent standard than "reasonable time." See Cyprinski v. Phoenix Ins. Co., 1932, 278 Mass. 79, 179 N.E. 236, 78 A.L.R. 1133, and cases cited. The district court's erroneous finding that this letter was dated November 25, 1954, a year later, might well have been the reason for its contrary conclusion.

■ Our conclusion that the letter of November 25, 1953 constituted sufficient notice to the defendant also can be arrived at by applying Mass.Laws Ann. c. 175, § 102 (1948), which does away with the need for a sworn statement where the insured forthwith gives written notice to the company of the fire. While the mortgagee is not given, expressly, the right to utilize the saving provision in § 102, we believe that the same line of reasoning which led the Supreme Judicial Court of Massachusetts, in the Union Institution case, to hold that the mortgagee had a right to give notice under the policy, where, too, no such express right was given, applies with equal force here.

■ Having concluded that Milton Goodman, agent of the second mortgagee, gave a sufficient statement of notice to defendant, we believe that such notice accrued to the benefit of the plaintiff, the assignee of the first mortgagee. For it is plain that the insurance "contract calls for but one such statement." Union Institution for Savings v. Phoenix Ins. Co., supra, 196 Mass. at page 233, 81 N.E. at page 995. The purpose of notice, which is to give the insurer an opportunity to take necessary steps to examine the loss and determine its extent, is fulfilled once the insurer is informed of the loss. To hold that each mortgagee here must give separate notice would be to make the requirement of notice a purposeless barrier to recovery.

■ Moreover, where, as here, the insurance company replies to the notice of loss, within the period allowed for filing such notice, with a denial of any liability, it waives any objection on that ground. Milton Ice Co. v. Travelers Indemnity Co., 1947, 320 Mass. 719, 71 N. E.2d 232.

■ Finally we turn to the district court's finding that the plaintiff forfeited his claim under the policy by failing to demand arbitration, a condition precedent to plaintiff's right of action under the policy. We find that defendant's reply to Milton Goodman's letter of November 25, 1953, wherein defendant denied it had any liability at the Crawford Street location, was, in the circumstances here, a waiver of any right it may have had to require arbitration. See Wainer v. Milford Mut. Fire Ins. Co., 1891, 153 Mass. 335, 26 N.E. 877, 11 L.R.A. 598. Certainly this falls under the well established rule "that an insurance company may waive conditions inserted in the policy for its benefit." Lamson Consol. Store-Service Co. v. Prudential Fire Ins. Co., 1898, 171 Mass. 433, 436, 50 N.E. 943, 944 and cases cited.

A judgment will be entered vacating the judgment of the district court and remanding the case to that court for further proceedings not inconsistent with this opinion.