ROBERT LANCASTER, trustee,[1] *vs.* GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA. No. 90-P-1120. February 28, 1992. Further appellate review granted, 412 Mass. 1104 (1992). *Insurance*, Disclaimer of liability. *Waiver. Practice, Civil*, Parties.

The appellant, trustee of Diamond Realty Trust (Diamond), appeals from an allowance of a motion for summary judgment filed by the defendant, General Accident Insurance Company of America (General). We hold that summary judgment should not have been granted because there is at least one genuine issue of material fact in dispute.

---

[1]Of the Diamond Realty Trust.

The undisputed facts before the motion judge were as follows: Diamond owned realty which it insured for $90,000 with General. The property was completely destroyed by fire on August 15, 1985. In a letter of May 6, 1986, to Diamond, General denied any coverage on the claim and referred to five specific sections of the insurance agreement, claiming that the failure to comply with each specific provision was a breach of a condition imposed by the policy. The letter, however, made no mention of a requirement of referral to referees.

Diamond brought suit, seeking to establish liability for coverage. General moved for summary judgment, claiming that (1) Diamond was required by the insurance contract and G. L. c. 175, § 99, to request a reference to referees to determine the amount of loss as a condition precedent to litigation, which it had not done[2]; and (2) Robert Lancaster, the named trustee and plaintiff, was not the true party in interest.

General argues that Diamond's failure to request reference prior to litigation automatically bars Diamond from bringing suit, since it did not fulfil the provisions of G. L. c. 175, § 99.[3] Diamond, however, urges that a material issue of fact exists as to whether General waived the reference requirement, as § 99 permits (note 2, *supra*), because with its letter it contested all liability on the policy and did not offer any amount of recovery to Diamond.

Obviously, the letter of May 6 had a tendency to mislead the insured about the need to seek a reference and may have led Diamond not to do so. We agree that General's denial of liability and its failure to refer to reference in its letter could, in these circumstances, be found to be a waiver of the reference as a condition precedent to litigation.[4] See *Goodman* v. *Quaker City Fire & Marine Ins. Co.*, 241 F.2d 432, 436 (1st Cir. 1957) ("We find that defendant's reply . . . wherein defendant denied it had any liability . . . was, in the circumstances here, a waiver of any right

---

[2]General Laws c. 175, § 99, Twelfth (1984 ed.), set out the following standard form policy provision included in this policy:

> "In case of loss under this policy and a failure of the parties to agree as to the amount of loss, it is mutually agreed that the amount of such loss shall be referred to three disinterested [referees], and such reference, unless waived by the parties, shall be a condition precedent to any right of action in law or equity to recover for such loss. . . ."

[3]In support of this argument, General submitted an affidavit from its property claims supervisor, which stated, among other things, that Diamond and General "failed to agree as to the amount of loss. . . ." The fact that they did not agree as to value does not mean, however, that they ever discussed value, or disagreed as to it, and does not preclude a finding of waiver.

[4]On the other hand, before concluding with general language reserving "all of its rights and defenses" and insisting upon "strict compliance with all policy provisions," the letter stated that General "advises you that notwithstanding the denial of the claim stated, it [General] expressly rejects any and all statements contained in documents submitted with reference to the *amount* of actual cash value and *amount* of loss" (emphasis added).

it may have had to require arbitration. [Citations omitted.] Certainly this falls under the well established rule 'that an insurance company may waive conditions inserted in the policy for its benefit.'" [Citations omitted.]); *New England Structures, Inc.* v. *Loranger*, 354 Mass. 62 (1968) (where the court found that change of circumstances or position by one party in reliance on grounds asserted by a second party in a telegram would bar the second party from asserting other grounds not mentioned). Contrast *Sheehan* v. *Commercial Travelers Mut. Acc. Assn. of America*, 283 Mass. 543, 550-555 (1933) (where the court found that lack of required attendance at an autopsy by an insurance company was not a discarded defense even though it was not mentioned as a defense in a letter from the defendant to the plaintiff); *Royal-Globe Ins. Co.* v. *Craven*, 411 Mass. 629, 631-636 (1992) (where the court found that an insurance company was not estopped from raising failure of notice as a basis to deny liability, even though the company had not reserved the right to deny the claim, based on late notice, in its conversation with plaintiff's counsel on other defenses). We distinguish Sheehan and Royal Globe on their facts. There is a short finite period during which an autopsy can be performed, and an insurer will be prejudiced if a party waits to initiate litigation until after that period has passed. Delay in giving notice of a claim is also likely to cause prejudice to the insurer. In the case before us, there was no suggestion of prejudice to the defendant or reliance by it. Although Diamond may have lost the right of reference to referees, General may, if it chooses, still seek referral to settle the damages question. If General is found to have waived the condition precedent, however, it may not foreclose recovery on the policy because Diamond failed to seek a reference. The question of waiver here is one of fact.

Nor should summary judgment have been granted on the basis of General's argument that the named trustee, Robert Lancaster, is not the real party in interest. The trustee of Diamond Realty Trust was, in fact, Robert's wife, Linda. The beneficial and essential insurable interests are not affected by this misnomer. The complaint may easily be amended. "[W]here there are no allegations of unfair surprise or prejudice, we are not inclined to dismiss an action because of a possible technical defect in pleading [citations omitted], particularly where, as here, there is ample reason to view the named plaintiff as the real party in interest. Mass.R.Civ.P. 17(a), 365 Mass. 763 (1974)." *Henderson* v. *D'Annolfo*, 15 Mass. App. Ct. 413, 428 (1983). General has suffered no prejudice and faces no real possibility of multiplicity of suits against it. See *Massachusetts Assn. of Indep. Ins. Agents & Brokers, Inc.* v. *Commissioner of Ins.*, 373 Mass. 290, 297 (1977).

*Judgment reversed.*

Michael J. Manfreda for the plaintiff.
John A. Leslie, for the defendant.