# United States Court of Appeals
## For the First Circuit

No. 03-1963

GULF COAST BANK & TRUST COMPANY,

Plaintiff, Appellee,

v.

GERARD S. REDER,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor, U.S. District Judge]

Before

Selya, Circuit Judge,

Coffin and Cyr, Senior Circuit Judges.

Jack E. Houghton, Jr., on brief for appellant.
Jennifer G. Haskell, Steven A. Ablitt and Ablitt & Caruolo, PC on brief for appellee.

January 16, 2004

**SELYA**, **Circuit Judge**.    Defendant-appellant Gerard S. Reder invites us to set aside a judgment entered in favor of plaintiff-appellee Gulf Coast Bank & Trust Company (Gulf Coast). Concluding, as we do, that Reder's appeal lacks merit, we decline the invitation.

This case had its genesis in a $150,000 loan made on March 1, 2000, by Bank of America to Armored Car Services of Florida, Inc. (ACS).    The loan was memorialized by a promissory note and secured by Reder's personal guarantee.    Bank of America subsequently assigned the note and guarantee to Gulf Coast.

ACS defaulted on the note and Gulf Coast's demands for payment by the guarantor fell on deaf ears.    Invoking diversity jurisdiction, 28 U.S.C. § 1332(a), Gulf Coast sued Reder on the guarantee in the United States District Court for the District of Massachusetts. Reder answered the complaint. On January 13, 2003, Gulf Coast moved for judgment on the pleadings. See Fed. R. Civ. P. 12(c).    It supported the motion with exhibits evidencing the antecedent transactions and defaults.    Reder failed to file a timely response, D. Mass. R. 7.1(B)(2), and the district court granted the motion on January 31, 2003.

The entry of this default order served to awaken Reder from his slumber.    He filed a dual-purpose motion in which he sought both an extension of the time within which to file an opposition to Gulf Coast's original motion and reconsideration of

the default order.  On February 21, 2003, the district court granted the extension, accepted Reder's opposition, reconsidered its earlier order in light of the opposition, and again awarded Gulf Coast judgment on the pleadings.  Reder's opposition had taken the form of a memorandum devoid of any affidavits or other evidentiary attachments, and the court found it "inadequate to counter plaintiff's well supported motion."

The February 21 order only resolved the liability aspect of the case.  Accordingly, the court referred the matter to a magistrate judge for an assessment of damages.  The magistrate judge held a hearing and made recommended findings.  The district court accepted the findings and, on June 6, 2003, entered final judgment in favor of Gulf Coast for $217,076.62 (a figure that included unpaid principal and interest, attorneys' fees, and collection costs).  This timely appeal ensued.

In this venue, Reder does not directly contest the assessment of damages.  Rather, his appeal stands or falls on his claim that the lower court applied an incorrect legal standard in adjudicating liability.  We believe that it falls.

Reder's thesis is simple.  In his view, a motion for judgment on the pleadings may be granted only when the pleadings, taken at face value, leave no material facts in dispute.  That standard is not satisfied here, he contends, because his answer to the complaint denied several essential elements of Gulf Coast's

case (e.g., the authenticity of the note and guarantee, the relationship between the two, the validity of the assignment, and the fact of non-payment).  He concludes that these denials (along with the assertion of a litany of affirmative defenses) sufficed to create factual disputes that precluded the entry of judgment on the pleadings.

We review a trial court's entry of judgment on the pleadings de novo.  Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998).  The starting point for our analysis is the text of Federal Rule of Civil Procedure 12(c).[1]  That rule permits a party to move for judgment on the pleadings at any time "[a]fter the pleadings are closed," as long as the motion does not delay the trial.  Fed. R. Civ. P. 12(c).  In the archetypical case, the fate

---

[1]In their briefs, the parties sometimes refer to Massachusetts standards for granting or denying judgment on the pleadings.  Their reliance on state-law standards is misplaced.  As we recently explained:

> Federal courts sitting in diversity apply state substantive law and federal procedural rules. . . .  [Such] classification is generally a straightforward exercise when a Federal Rule of Civil Procedure covers the point.

Correia v. Fitzgerald, ___ F.3d ___, ___ (1st Cir. 2003) [No. 02-1417, slip op. at 10].  A motion for judgment on the pleadings is a procedural device directly governed by Civil Rule 12(c).  Accordingly, federal courts, whether or not sitting in diversity, must look to federal law to deduce the standards for deciding such motions.  See, e.g., Enron Oil & Trading Transp. Co. v. Walbrook Ins. Co., 132 F.3d 526, 528-29 (9th Cir. 1997); Rivera-Gomez v. Adolfo de Castro, 843 F.2d 631, 635 (1st Cir. 1988); Repub. Steel Corp. v. Pa. Eng'g Corp., 785 F.2d 174, 177-78 (7th Cir 1986).

-4-

of such a motion will depend upon whether the pleadings, taken as a whole, reveal any potential dispute about one or more of the material facts. See 5 Charles A. Wright et. al., Federal Practice & Procedure § 1367, at 509-10 (2d ed. 1995) (collecting cases); see also Feliciano, 160 F.3d at 788. This is essentially the test that Reder exhorts us to apply in the instant case.

We resist Reder's exhortations. Where a motion for judgment on the pleadings introduces materials dehors the record for the court's consideration, the ground rules change. In that event, the court has broad discretion either to include or to exclude the proffer. So long as the court does not exclude the tendered materials, the summary judgment standard governs the disposition of the motion. See Collier v. City of Chicopee, 158 F.3d 601, 602-03 (1st Cir. 1998); see also Fed. R. Civ. P. 12(c) ("If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."). This is a salient distinction because Rule 56 erects a hurdle for the nonmovant that is far more difficult to clear than the relatively modest hurdle posed by Rule 12(c) simpliciter. See, e.g., Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (explaining that summary judgment should be granted unless the party opposing the motion demonstrates, by competent evidence, a genuine issue of material fact).

-5-

The summary judgment standard is controlling here. After the pleadings were closed, Gulf Coast filed a Rule 12(c) motion that relied upon, and incorporated by reference, a plethora of evidentiary submissions. In response, Reder filed only a memorandum of law. The district court elected to convert the motion and decide it as one for summary judgment. While such a conversion cannot take place unless "the party opposing the motion is given adequate notice of the conversion and a reasonable opportunity to present material made pertinent to such a motion by Rule 56," Collier, 158 F.3d at 603, that protocol was fully satisfied here.

First, Reder was on notice of the potential for conversion. Although the district court did not give him explicit notice of its willingness to indulge Gulf Coast's proffer, the act of attaching outside materials to a Rule 12(c) motion affords the nonmovant constructive notice that the court may, if it so chooses, apply the summary judgment standard. See id.; see also Rodriguez v. Fullerton Tires Corp., 115 F.3d 81, 83 (1st Cir. 1997). Express notice is not required.

Second, Reder had ample time in which to present evidence in opposition. Gulf Coast filed its motion for judgment on the pleadings on January 13 and the district court took no action with respect thereto until January 31. This interval exceeded the ten-

day period specified in Rule 56(c). No more was exigible.[2] The conversion, therefore, was well within the compass of the district court's discretion. See Fed. R. Civ. P. 12(c); see also Collier, 158 F.3d at 603.

Our only remaining task is to determine whether the record supports the entry of judgment under the incorporated Rule 56 standard. Summary judgment is authorized "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the movant has served a properly supported motion asserting entitlement to summary judgment, the burden is on the nonmoving party to present evidence showing the existence of a trialworthy issue. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986); Garside, 895 F.2d at 48.

In this instance, Gulf Coast's evidentiary proffers covered the essential elements of its case. In other words, Gulf Coast submitted a motion which, when read in conjunction with the attachments, showed prima facie that the debt was due and owing; that Reder had guaranteed its repayment; that Gulf Coast was a holder in due course; and that timeous demands for satisfaction had

---

[2]In all events, Reder also had the benefit of a further extension granted by the district court on February 21, 2003.

-7-

been ignored. Reder produced no evidence to the contrary. He relied instead on the denials and affirmative defenses in his answer and the arguments in his legal memorandum opposing the motion. It is, however, crystal clear that bare allegations in a party's unsworn pleadings or in a lawyer's brief do not carry weight in the summary judgment calculus. See, e.g., Rogan v. City of Boston, 267 F.3d 24, 29 (1st Cir. 2001); Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994). Thus, the district court correctly treated the facts limned in the attachments to Gulf Coast's motion as uncontradicted. Anderson, 477 U.S. at 248; Garside, 895 F.2d at 48. It follows inexorably that the lower court did not err in granting Gulf Coast's motion for judgment on the issue of liability. See Collier, 158 F.3d at 604.

We need go no further. This case is a textbook example of the conversion principle embedded in Rule 12(c). Once Reder had notice that the court might indulge such a conversion, he had to show, by competent evidence, that a trialworthy issue existed. He made no such showing. In the final analysis, then, this case reminds us that "parties who permit the movant to configure the summary judgment record do so at their peril." Woods-Leber v. Hyatt Hotels of P.R., Inc., 124 F.3d 47, 51 (1st Cir. 1997) (citing United States v. Kelly, 924 F.2d 355, 358 (1st Cir. 1991)). Under the circumstances, Reder has no cognizable grounds for appeal.

**Affirmed**.