# United States Court of Appeals

## For the First Circuit

No. 04-1743

DARLENE M. MCCORD,

Plaintiff, Appellant,

v.

HORACE MANN INSURANCE COMPANY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Lynch, Circuit Judge,

Campbell and Stahl, Senior Circuit Judges.

R. Mark Petersen with whom Michelle M. Hansen was on brief for appellant.
Michael L. Snyder with whom McGovern & Ganem, P.C. was on brief for appellee.

December 1, 2004

**CAMPBELL**, **Senior Circuit Judge**.  Plaintiff-Appellant, Darlene M. McCord, brought an action in the district court against Defendant-Appellee, Horace Mann Insurance Company ("Horace Mann"), for breach of its insurance policy insuring her home (the "Policy") and for violation of Mass. Gen. Laws ch. 93A.  Horace Mann moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on the grounds that McCord failed to comply with a condition precedent in the Policy, inserted under Massachusetts law, that required the amount of loss to be submitted to a panel of referees prior to the bringing of an action to recover for the loss.  See Mass. Gen. Laws ch. 175, § 99.  The district court entered judgment in Horace Mann's favor and dismissed the case without prejudice.  The district court subsequently denied McCord's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).  We affirm.

## I.  Background

On February 5, 2002, McCord's home in Holden, Massachusetts was destroyed by a fire.  McCord sought to recover insurance under the Policy issued by Horace Mann.  McCord's public adjuster, Sadick Public Insurance Adjusters ("Sadick"), submitted a statement to Horace Mann, estimating that the damages caused by the fire were $162,553.22.  On November 15, 2002, Horace Mann sent a letter to McCord, formally denying all coverage or liability under the Policy, on the grounds that she, or persons acting at her direction, intentionally set the fire at her home.  The letter

-2-

quoted excerpts from the Policy, including the requirement that "a disagreement as to the dollar amount of loss" be "referred to a three member board of referees" in accordance with Massachusetts law.  The letter also referred to a provision of the Policy stating that "no suit may be brought against [Horace Mann] unless all the terms of [the Policy] have been complied with."  The letter further stated:

> Horace Mann specifically reserves all of its rights and defenses with regard to the resolution of amount of loss. . . . Horace Mann specifically rejects [Sadick's] calculation as being an accurate determination of the amount of loss.  Accordingly, Horace Mann specifically reserves all of its rights and defenses with regard to resolution of any dispute about the amount of loss as a result of the subject fire.

On December 4, 2002, counsel for McCord sent Horace Mann a demand letter in accordance with Mass. Gen. Laws ch. 93A.  Horace Mann's response, dated December 19, 2002, denied liability and stated:

> Notwithstanding Horace Mann's denial of coverage to [McCord], Horace Mann specifically reserves all of its rights under the [Policy] and M.G.L. c. 175, § 99 with regard to resolution of any dispute about the amount of loss caused by the subject fire.  Horace Mann specifically rejects [McCord's] assertion that she sustained $66,205.86 in personal property damage and $162,553.22 in property damage as a result of the subject fire.

McCord brought an action against Horace Mann in the Massachusetts state court, seeking damages for Horace Mann's refusal to pay her claim under the Policy.  On February 7, 2003,

Horace Mann, a resident of the State of Illinois, removed the case to federal court, pursuant to 28 U.S.C. § 1446, alleging diversity jurisdiction under 28 U.S.C. § 1332(a). In its answer to McCord's complaint, Horace Mann raised McCord's "fail[ure] to comply with the condition precedent of reference pursuant to M.G.L. c. 175, §99" as one of its affirmative defenses. In its counterclaim against McCord for breach of contract and deceit, Horace Mann also stated that "McCord and Horace Mann have never reached an agreement as to the amount of loss caused by the subject fire." McCord admitted this statement in her answer to the counterclaim.

On June 11, 2003, Horace Mann moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). It asserted that the parties had failed to agree on the amount of loss caused by the fire, and that McCord's failure to submit her claim to a reference proceeding, pursuant to Mass. Gen. Laws ch. 175, § 99, barred her suit. McCord argued in opposition that Mass. Gen. Laws ch. 175, § 99 was inapplicable, because 1) the case was about a complete denial of coverage rather than any disagreement over the amount of loss and 2) Horace Mann had waived its rights to a reference proceeding. In the alternative, McCord requested a stay of the case pending the outcome of a reference proceeding.

On March 16, 2004, the district court dismissed the case without prejudice, citing McCord's failure to have submitted her claim to a reference proceeding prior to commencement of the

action. The district court declined to issue a stay, because McCord had not initiated reference proceedings before bringing suit. The court noted it had granted a stay in another case where a reference proceeding had been begun but was not completed by the time the action was filed. See M.A.S. Realty Corp. v. Travelers Cas. & Sur. Co. of Ill., 196 F. Supp. 2d 41, 47 (D. Mass. 2002). It was not until after the dismissal of her case that McCord requested a reference proceeding with Horace Mann. We were advised by counsel at oral argument that Horace Mann refused to participate, citing as a reason the expiration of the two-year statute of limitations set forth in Mass. Gen. Laws ch. 175, § 99. On March 29, 2004, McCord filed a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), which the district court denied. This appeal followed.

## II. Discussion

We review de novo both a district court's entry of judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and the court's allowance of summary judgment pursuant to Fed. R. Civ. P. 56. Rafferty v. Cranston Pub. Sch. Comm., 315 F.3d 21, 25 (1st Cir. 2002). However, the standard governing the allowance of a Rule 12(c) motion is generally more generous to the nonmovant. "Judgment on the pleadings under Rule 12(c) may not be entered unless it appears beyond a doubt that the nonmoving party can prove no set of facts in support of her claim which would entitle her to

-5-

relief." Feliciano v. State of R.I., 160 F.3d 780, 788 (1st Cir. 1998) (citations omitted).

On occasion -- and this is such a case -- the parties' actions during the proceeding will result in converting what begins as a motion under Rule 12(c) to one for summary judgment under Rule 56. See Fed. R. Civ. P. 12(c) ("If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ."); Gulf Coast Bank & Trust Co. v. Reder, 355 F.3d 35, 38 (1st Cir. 2004). When this happens, the governing standard becomes that applicable to summary judgment. See id.

Here, Horace Mann's Rule 12(c) motion relied upon evidentiary submissions outside the pleadings, and McCord filed an opposition that appended additional, outside evidentiary materials. There is no indication the district court excluded these materials from its consideration. The motion accordingly converted to one for summary judgment. While a conversion cannot take place unless the nonmoving party "is given adequate notice of the conversion and a 'reasonable opportunity to present material made pertinent to such a motion by Rule 56,'" McCord had constructive notice of the potential conversion and, as noted, responded by attaching outside

-6-

materials to its opposition.  Collier v. City of Chicopee, 158 F.3d 601, 603 (1st Cir. 1998).[1]

Under Rule 56, the nonmovant has a heavier burden than would be posed by Rule 12(c).  Once the moving party has served a supported motion asserting entitlement to summary judgment, the party opposing the motion must demonstrate, by competent evidence, a genuine issue of a material fact.  Gulf Coast Bank, 355 F.3d at 39; see Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990).  In reviewing a motion for summary judgment, we construe the record in the light most favorable to the nonmovant and resolve all reasonable inferences in her favor.  Rosenberg v. City of Everett, 328 F.3d 12, 17 (1st Cir. 2003).

There are two issues on appeal:  1) whether McCord's failure to submit her claim to a reference proceeding bars her lawsuit pursuant to Mass. Gen. Laws ch. 175, § 99, and 2) whether Horace Mann waived the reference condition precedent.[2]

---

[1]In opposition to Horace Mann's motion for judgment on the pleadings, McCord stated that the motion was a motion for summary judgment.  On appeal, neither party raises the issue of the nature of the motion, although they refer to it as one for judgment on the pleadings.

[2]McCord has not briefed her Chapter 93A claim separately from her contract claim, applying to both the general arguments discussed herein.  Accordingly, any separate arguments that might be made with respect to the 93A claim alone, if such there be, are waived for purposes of this appeal.  See Frazier v. Bailey, 957 F.2d 920, 932, n.14 (1st Cir. 1992) (ruling that state law claims not fully addressed in an appellate brief are waived).

## A. Mass. Gen. Laws ch. 175, § 99

Both parties rely upon Mass. Gen. Laws ch. 175, § 99 and Massachusetts state case law. In so doing, they implicitly agree that Massachusetts law governs.[3] The Policy itself appears to be drafted in accordance with the standard form for Massachusetts fire insurance policies as required and set forth in Mass. Gen. Laws ch. 175, § 99. Section 99 states in pertinent part:

> In case of loss under this policy and a failure of the parties to agree as to the amount of loss, it is mutually agreed that the amount of such loss shall be referred to three disinterested men . . . and such reference, unless waived by the parties, shall be a condition precedent to any right of action in law or equity to recover for such loss . . . .

McCord argues that Mass. Gen. Laws ch. 175, § 99 is not applicable, because there was no dispute as to the amount of loss but only a total denial of coverage by Horace Mann. According to McCord, Horace Mann did not state any amount of loss or provide specific criticism of her public adjuster's statement.

But Section 99 is explicit that "[i]n case of . . . a failure of the parties to agree as to the amount of loss," reference, unless waived, shall be a "condition precedent" to any

---

[3]The choice of law analysis of the forum state, Massachusetts, also warrants this result. Massachusetts state courts follow "a functional choice of law approach that responds to the interests of the parties, the States involved, and the interstate system as a whole." Bushkin Assocs., Inc. v. Raytheon Co., 473 N.E.2d 662, 668 (Mass. 1985). Massachusetts has a strong interest in regulating insurance policies covering homes in Massachusetts.

right of action to recover for such loss.  The Massachusetts courts have enforced that requirement.  <u>See, e.g.</u>, <u>Employers' Liab. Assurance Corp.</u> v. <u>Traynor</u>, 237 N.E.2d 34, 34-35 (Mass. 1968); <u>Molea</u> v. <u>Aetna Ins. Co. of Hartford, Conn.</u>, 95 N.E.2d 749, 752 (Mass. 1950); <u>Bergeron</u> v. <u>Mechanics' & Traders' Ins. Co.</u>, 115 N.E. 318, 319 (Mass. 1917).

Even though an insurer denies liability, the reference condition must be observed absent agreement as to the loss amount. In <u>Employers' Liability Assurance Corp.</u> v. <u>Traynor</u>, an insurer sought declaratory relief to determine whether it was liable for the loss by theft of the defendants' property covered in an insurance policy.  237 N.E.2d at 34.  The Massachusetts Supreme Judicial Court ("SJC") held that the trial court had properly dismissed the bill as the insurer was initially required to refer the issue of the value of the items stolen to referees pursuant to Mass. Gen. Laws ch. 175, § 99 and the provisions of the policy. <u>Id.</u> at 35.  The SJC stated:  "Questions of ultimate liability are determinable following action on the reference, pending which the insurer's rights relative thereto are protected."  <u>Id.</u>  <u>See also</u> <u>F.C.I. Realty Trust</u> v. <u>Aetna Cas. & Sur. Co.</u>, 906 F. Supp. 30, 33-34 (D. Mass. 1995) (granting summary judgment to insurer, which denied coverage except as to certain costs, because the insured failed to comply with the reference condition precedent).  Parties are free to litigate questions of liability after resolving any

-9-

dispute about the amount of loss in a reference proceeding. See F.C.I. Realty Trust, 906 F. Supp. at 33 ("If the referees reach questions of ultimate liability, those issues can be relitigated; but that eventuality does not excuse the contractual requirement that there be a reference before there be a law suit."); Fox v. Employers' Fire Ins. Co., 113 N.E.2d 63, 66 (Mass. 1953) ("[The referees'] views so far as ultimate liability goes are wholly tentative and in no sense a decision on that underlying question.") (citations omitted).

Drawing all reasonable inferences in McCord's favor, there is no question that she failed to request a reference proceeding prior to bringing suit.[4] Therefore, absent waiver, the reference condition precedent, pursuant to Mass. Gen. Laws ch. 175, § 99 and the provisions of the Policy, barred McCord from bringing suit.[5]

---

[4]It was not until after the district court dismissed the case that McCord requested a reference proceeding.

[5]McCord also argues that the district court should not have dismissed her complaint, because a request for a reference proceeding would have been futile. McCord speculates that Horace Mann would not have agreed to a reference request on the ground that Mass. Gen. Laws ch. 175, § 99 was not applicable, given its denial of coverage. The law does not provide that such speculation can permit a party to disregard the reference condition precedent prior to filing suit. Cf. Molea, 95 N.E.2d at 751 (rejecting insured's argument that reference would have been "a useless waste of time and money").

**B. Waiver**

Even if a reference were a condition precedent, McCord points out that the condition precedent can be waived. McCord contends that Horace Mann waived its right to a reference by completely denying any liability under the Policy. Because waiver is a question of fact, McCord further argues that the district court erred in denying her right to a trial by jury on this issue. The burden of proving waiver rests upon McCord who seeks to rely upon it. Molea, 95 N.E.2d at 752.

In urging waiver, McCord points to the case of Lancaster v. General Accident Insurance Co. of America, where the Massachusetts Appeals Court held that a question of fact, precluding summary judgment, existed as to whether the insurer waived a reference condition precedent. 587 N.E.2d 246, 247 (Mass. App. Ct. 1992). In that case, the insurer sent the insured a letter denying any coverage on the claim, but the letter made no mention of any reference requirement. Id. at 246. The court held that the insurer's denial of liability coupled with its failure to mention in its letter the reference condition "could, in these circumstances, be found to be a waiver." Id. at 247. In other cases finding waiver, there was an absence of evidence that the insurer disputed the amount of loss. See, e.g., Goodman v. Quaker City Fire & Marine Ins. Co., 241 F.2d 432, 436 (1st Cir. 1957) (holding that an insurer's letter denying any liability constituted

-11-

a waiver of any right to require arbitration); <u>Moran</u> v. <u>Phoenix Ins. Co.</u>, 390 N.E.2d 1139, 1140 (Mass. App. Ct. 1979) (error to allow summary judgment where the sole basis of the insurer's refusal to pay was a denial of liability and there was no evidence that insurer disputed the amount of loss).

Besides denying liability, Horace Mann disputed the amount of the loss and repeatedly called attention in its correspondence with McCord to the existence of the reference condition. Horace Mann's November 25, 2002 letter to McCord referred to and quoted the provision of the Policy that sets forth the reference condition precedent. In that same letter, Horace Mann specifically rejected the amount of loss submitted by McCord's public adjuster and reserved its rights with regard to the resolution of the amount of loss. Horace Mann repeated its rejection of the amount of loss submitted by McCord in its response to her demand under Mass. Gen. Laws ch. 93A. Horace Mann's reliance on the reference condition as an affirmative defense and its allegation in its counterclaims, admitted by McCord, that they had never reached an agreement on the amount of loss, also indicates a dispute about the amount of loss. <u>See</u> <u>F.C.I. Realty Trust</u>, 906 F. Supp. at 33-34 (finding no waiver where the insurer raised the reference issue as an affirmative defense in its answer and repeatedly refused to waive its rights under the policy).

McCord argues, based on a footnote in <u>Lancaster</u>, that a mere failure to agree as to the amount of loss does not mean that there was ever a disagreement as to the amount. <u>See</u> <u>Lancaster</u>, 587 N.E.2d at 247 n.3. But here, unlike in <u>Lancaster</u>, Horace Mann expressly rejected McCord's public adjuster's figure as to the amount of loss. Horace Mann, moreover, in correspondence with McCord, mentioned the reference condition several times, and specifically reserved its rights as to a dispute about the amount of loss. Considering the facts in the light most favorable to McCord, she has failed to demonstrate, by competent evidence, the existence of a genuine issue of material fact with respect to waiver.

## C.  Motion to Alter or Amend Judgment

McCord's motion to alter or amend judgment, filed after dismissal of her Rule 12(c) motion, did little more than reargue the above-described grounds pursued in the Rule 12(c) motion. No materially new grounds were raised. We review a district court's denial of a motion under Fed. R. Civ. P. 59(e) for manifest abuse of discretion. <u>Vasapolli</u> v. <u>Rostoff</u>, 39 F.3d 27, 36 (1st Cir. 1994). Once a motion to dismiss or a motion for summary judgment has been allowed, we will overturn the district court's refusal to reopen the proceedings "only if an appellant can persuade us that the refusal to grant favorable reconsideration was a clear abuse of discretion." <u>Aybar</u> v. <u>Crispin-Reyes</u>, 118 F.3d 10, 13 (1st Cir.

1997) (quoting <u>Mackin</u> v. <u>City of Boston</u>, 969 F.2d 1273, 1279 (1st Cir. 1992)).

As noted, McCord made no arguments in her Rule 59(e) motion above and beyond those already raised under her Rule 12(c) motion. As already discussed, the district court properly determined that McCord's action was barred by Mass. Gen. Laws ch. 175, § 99, suit having been commenced without observance of the reference condition precedent. The district court did not manifestly abuse its discretion in refusing to alter or amend its judgment for these same earlier-considered reasons.

Whether McCord might still be entitled, even now, to insist upon a reference proceeding and, upon compliance with that condition, to sue within the one additional year provided in Mass. Gen. Laws ch. 175, § 99 (see also Policy language set forth in Paragraph 10 of the "Massachusetts amendatory endorsement") is a question nowhere raised, hence one we do not consider and upon which we express no opinion. <u>See</u> <u>United States</u> v. <u>Raphelson</u>, 802 F.2d 588, 593 (1st Cir. 1986).

**<u>Affirmed</u>**.