

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-19-2008

# Hilinski v. Gordon Terminal Ser

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2779

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Hilinski v. Gordon Terminal Ser" (2008). *2008 Decisions*. Paper 1583.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1583

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 06-2779

THOMAS HILINSKI,

Appellant

v.

GORDON TERMINAL SERVICE COMPANY
OF NEW JERSEY, INC., a corporation

Appeal from the United States District Court
for the District of New Jersey
(Civ. No. 05-cv–03843)
District Judge: Hon. Jose L. Linares

Submitted pursuant to Third Circuit LAR 34.1(a)
September 28, 2007

Before: McKEE, BARRY and FISHER, *Circuit Judges*

(Opinion filed: February 19, 2008)

_____

OPINION

_____

McKEE, *Circuit Judge*.

Thomas Hilinski appeals the district court's grant of summary judgment to

Gordon Terminal Services in his suit alleging that Gordon Terminal Services'

termination of his employment violated the Family and Medical Leave Act ("FMLA"),

29 U.S.C. § 2601 *et seq*., the New Jersey Law Against Discrimination ("NJLAD"),

N.J.S.A. 10:5-1 *et seq.*, the New Jersey Family Leave Act ("NJFLA"), N.J.S.A. 34:11B-1, and the New Jersey Workers' Compensation Act ("WCA"), N.J.S.A. 24:15-39.1 *et seq.* For the reasons that follow, we will affirm.[1]

## I.

Hilinski makes two arguments in support of his appeal. Each is considered separately below.[2]

### A. Denial of Discovery.

Hilinski contends that converting the motion for judgment on the pleadings to a motion for summary judgment deprived him of discovery. He also contends that he had no notice of the conversion. We disagree with both contentions.

Gordon Terminals' motion for judgment on the pleadings contained matters outside the pleadings. Accordingly, Gordon Terminal noted in the supporting brief that its Rule 12(c) motion could be converted into a motion for summary judgment. Hilinski filed a "Brief in Opposition to Defendant's Motion for Summary Judgment," a "Statement of Material Facts," and supporting "Affidavit," with exhibits. Gordon Terminal then filed its response, supplemental Declarations, and Reply Brief in further support of its Rule 12(c) motion.

---

[1]Because we write only for the parties, we need not recite the facts or procedural history in detail.

[2]Our standard of review is plenary. *Erie Telecommun., Inc. v. Erie*, 853 F.2d 1084, 1093 (3d Cir. 1988).

Accordingly, assuming *arguendo* that Hilinski did not notice of the conversion, Gordon Terminals' presentation in its motion of matters outside the pleadings constituted constructive notice of that possibility. *See, e.g., Gulf Coast Bank & Trust Co. v. Reder*, 355 F.3d 35, 38 (1st Cir. 2004) (constructive notice of potential conversion when materials beyond complaint are attached to movant's motion and non-movant has time to oppose motion). Moreover, Hilinski's responsive filings clearly demonstrate that he was well-aware of the possibility of conversion. "[T]he non-moving party will not be permitted to complain about an unnoticed conversion if [he] opposes the motion with extrinsic materials of his own." Baicker-McKee, Federal Civil Rules Handbook 355 (2005).

Finally, Hilinski cannot seriously contend that he was deprived of the opportunity for discovery because he did not file the required Rule 56(f) affidavit detailing the necessary discovery. *See, e.g., Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 511 (3d Cir. 1994) (failure to file Rule 56(f) affidavit precludes argument that party was not able to obtain discovery).

## B. Waiver of Judicial Forum.

Hilinski contends that the district court erred in concluding that he waived his right to a judicial forum in favor of arbitration under the CBA.

The Federal Arbitration Act provides that written contracts to settle controversies arising from the parties' contractual relationship "shall be valid, irrevocable and

enforceable, save upon such grounds as exist at law or in equity. . . ." 9 U.S.C. § 2; *see also Dean Witter Reynolds, Inc.*, 470 U.S. 213, 221 (1985). However, before compelling arbitration, a court must engage in a limited inquiry to ensure "that a valid agreement to arbitrate exists and that the specific dispute falls within the substantive scope of the agreement." *PaineWebber, Inc. v. Hartmann*, 921 F.2d 507, 511 (3d Cir. 1990).

The existence *vel non* of an agreement to arbitrate is governed by state law principles governing contracts. *See Gruntal & Co., Inc. v. Steinberg*, 854 F. Supp. 324, 334 (D.N.J. 1994) (citations omitted), *aff'd,* 46 F.3d 1116 (3d Cir. 1994) (Table). Under New Jersey law, the court must determine: (1) whether the waiver provision shows a clear intent to arbitrate a statutory claim and (2) whether Hilinski agreed to the provision. *Leodori v. CIGNA Corp.*, 814 A.2d 1098, 1105 (N.J. 2003). Here, Hilinski accepted membership in the Union which, through collective bargaining, consented to the terms of the CBA specifically requiring arbitration of any disputes regarding absenteeism. *Safrit v. Cone Mills Corp.*, 248 F.3d 306, 308 (4th Cir. 2001) (the right to arbitrate is a term or condition of employment that a union may bargain for and that a union may validly waive employees' statutory rights to a judicial forum). Furthermore, Hilinski acknowledged that the dispute is arbitrable by voluntarily invoking the arbitration process. *See Int'l Ass'n of Machinists & Aerospace Wks. Lodge 1777 v. Fansteel, Inc.*, 900 F.2d 1005, 1009 (7th Cir. 1990) ("The party initiating arbitration has made a decision that the dispute is arbitrable when it initiates an arbitration proceeding.").

4

Statutory claims are no exception to this general rule. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26-30 (1991) (finding federal age discrimination claim properly subject to compulsory arbitration pursuant to arbitration agreement; noting also that party does not forgo substantive statutory rights, he only submits their resolution in an arbitral rather than a judicial forum); *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001) (concluding same for state employment discrimination claims).

Here, Hilinski, through the Union, advised Gordon Terminal that he was submitting the propriety of his discharge to arbitration. Thereafter, he voluntarily participated in the process of selecting an arbitrator, appeared at the arbitration represented by Union counsel, presented evidence, cross-examined witnesses and rebutted the position taken by Gordon Terminal. He did so without attempting to reserve any alleged statutory rights to a judicial forum.[3] Furthermore, both during arbitration, and in his post-hearing brief, Hilinski voluntarily submitted his claim that several of his absences were excused or protected under the FMLA, the NJLAD, the NJFLA and/or the WCA, to the arbitrator.

Although Hilinski is no doubt disappointed with the result of arbitration, under the circumstances here, he can not now resolve his dispute in a judicial forum.

**II.**

---

[3] We will assume *arguendo* that any such reservation of rights would have been enforceable despite the arbitration clause.

5

For all of the above reasons, we will affirm the district court.[4]

---

[4]Hilinski also argues that his action is not precluded by arbitration because of the informality of the arbitration hearing. In making that argument, he relies on *Olivieri v. Y.M.F. Carpets, Inc.*, 897 A.2d 1003 (2006). However, *Olivieri* addressed only the issue of whether collateral estoppel could bar the relitigation of an issue previously litigated during an unemployment hearing. It had nothing to do with whether the alleged informality of an arbitration hearing is grounds for not precluding a later lawsuit raising the same claims.